STATE OF HAWAII, Plaintiff-Appellee, *v.* ROBERT E. REYES, Defendant-Appellant, and YUKIO NOGUCHI and BERNABE DELA ROSA, also known as Bobby, Defendants

NO. 9590

(CRIMINAL NO. 57728)

AUGUST 20, 1985

BURNS, C. J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C. J.

Defendant Robert E. Reyes was tried on two counts: count III, accomplice to attempted murder of Yoshitaka Kohragi in violation of Hawaii Revised Statutes (HRS) §§ 702-222, 705-500, and 707-701 (1976); and count I, criminal conspiracy to commit the murder of Yoshitaka Kohragi in violation of HRS § 705-520 (1976).

Count III is a class A felony.[1] HRS §§ 702-221(2)(c), 705-502, 707-701(2) (1976). Count I is a class B felony.[2] HRS § 705-526(1) (1976).

The jury found Reyes guilty of both counts. At sentencing the trial judge stated that Reyes was being sentenced only on count III. The judgment, however, indicates that Reyes has been sentenced on both counts. Reyes appeals and requests a new trial.[3]

---

[1] Section 706-659, HRS (Supp. 1984) provides:
Sentence of imprisonment for class A felony. * * * [A] person who has been convicted of a class A felony shall be sentenced to an indeterminate term of imprisonment of twenty years without possibility of suspension of sentence or probation. The minimum length of imprisonment shall be determined by the Hawaii paroling authority in accordance with section 706-669.

[2] Section 706-660, HRS (Supp. 1984) provides:
Sentence of imprisonment for class B and C felonies; ordinary terms. A person who has been convicted of a class B or class C felony may be sentenced to an indeterminate term of imprisonment except as provided for in section 706-660.1 relating to the use of firearms in certain felony offenses. When ordering such a sentence, the court shall impose the maximum length of imprisonment which shall be as follows:

(1) For a class B felony - 10 years; and
(2) For a class C felony - 5 years.

The minimum length of imprisonment shall be determined by the Hawaii paroling authority in accordance with section 706-669.

[3] On May 24, 1985 we issued an opinion in this case. On June 3, 1985 the prosecution moved for reconsideration. We denied the request on June 12, 1985. On June 24, 1985 the prosecution petitioned for certiorari. On July 3, 1985 certiorari was granted. On July 22, 1985 the supreme court vacated and depublished our May 24, 1985 opinion and remanded the case to us for reconsideration.

The issues[4] and our answers are as follows:

1. Did the trial court err when it allowed the jury to find Reyes guilty of both counts I and III? Yes, on statutory rather than on constitutional grounds.

2. Did the trial court err when it entered a sentence and judgment on both counts I and III? Yes.

3. Should we vacate the sentence and judgment with respect to both counts I and III? Yes.

4. Should we remand for dismissal of count I and entry of a sentence and judgment with respect to count III? Yes.

The indictment, which describes the counts with unnecessary particularity, reads as follows:

The Grand Jury charges:

*COUNT I:* On or about and between the 9th day of March, 1981, and the 14th day of March, 1981, both dates being approximate and inclusive, in the City and County of Honolulu, State of Hawaii, YUKIO NOGUCHI, BERNABE DELA ROSA, also known as Bobby, and ROBERT E. REYES, defendants, together with Robert Yaw, named herein as a co-conspirator but not as a defendant, and others whose identities are unknown, with the intent to promote or facilitate the commission of a crime, to wit, Murder, did agree with each other, and with others whose identities are unknown, that they or one or more of them would engage in or solicit the conduct or would cause or solicit the result specified by the definition of Murder in Section 707-701 of the Hawaii Revised Statutes.

It was part of said conspiracy that Defendant, YUKIO NOGUCHI, and others whose identities are unknown, would hire Robert Yaw, named herein as a co-conspirator but not as a defendant, to kill Yoshitaka Kohragi.

It was further a part of said conspiracy that Defendants, BERNABE DELA ROSA, also known as Bobby, and ROBERT E. REYES, and Robert Yaw, named herein as a co-conspirator but not as a defendant, would intentionally òr knowingly cause the death of Yoshitaka Kohragi.

---

[4] No other issue raised by Reyes merits discussion.

In furtherance of the conspiracy and to effect the objects thereof, the following overt acts, among others, were committed in the City and County of Honolulu, State of Hawaii:

*OVERT ACTS*

1. On or about the 9th day of March, 1981, Defendant YUKIO NOGUCHI met with co-conspirator Robert Yaw and agreed to pay Ten Thousand Dollars ($10,000.00) for the killing of Yoshitaka Kohragi.

2. On or about the 9th day of March, 1981, Defendant ROBERT E. REYES, agreed to aid co-conspirator Robert Yaw in the killing of Yoshitaka Kohragi.

3. On or about the 12th day of March, 1981, Defendant BERNABE DELA ROSA, also known as Bobby, went with co-conspirator Robert Yaw to the residence of Yoshitaka Kohragi wherein Defendant BERNABE DELA ROSA, also known as Bobby, shot Yoshitaka Kohragi.

4. On or about the 12th day of March, 1981, Defendant YUKIO NOGUCHI paid co-conspirator Robert Yaw Three Thousand Dollars ($3,000.00) as a partial payment for causing the death of Yoshitaka Kohragi.

Therefore, Defendant YUKIO NOGUCHI, BERNABE DELA ROSA, also known as Bobby, and ROBERT E. REYES committed the offense of Criminal Conspiracy in violation of Section 705-520 of the Hawaii Revised Statutes.

* * * * *

*COUNT III:* On or about and between the 9th day of March, 1981, and the 12th day of March, 1981, both dates being approximate and inclusive, in the City and County of Honolulu, State of Hawaii, ROBERT E. REYES, with the intention of promoting or facilitating the commission of the offense of Murder, did aid or agree or attempt to aid in planning of or the commission of the offense of Attempted Murder by Bernabe Dela Rosa, also known as Bobby, who on or about the 12th day of March, 1981, in the City and County of Honolulu, State of Hawaii, did intentionally attempt to cause the death of Yoshitaka Kohragi by committing an act which constitutes a

substantial step in a course of conduct intended to culminate in the commission of the crime of Murder, thereby committing the offense of Attempted Murder in violation of Sections 705-500 and 707-701 of the Hawaii Revised Statutes.

Prior to trial, Reyes moved to dismiss either count I or count III on the ground that they alleged identical offenses and violated the state and federal constitutional bars against double jeopardy. He did not cite any statutory grounds. The motion was denied. During the trial, neither party asked that the jury be instructed that it could not find Reyes guilty of both counts I and III, and the jury was not so instructed.

The jury found Reyes guilty of both counts I and III.

In relevant part the sentencing hearing went as follows:

THE COURT: You agree, however, that the Court cannot sentence him on both convictions?

[DEPUTY PROSECUTOR]: Court cannot sentence him on both. The State's position is that the Court need not dismiss the criminal conspiracy. It merges into the substantive offense, the highest offense, the object to be accomplished, that of murder in this case, the charge of attempted murder. So the criminal conspiracy would merge into the highest crime, the highest objective.

\*   \*   \*   \*   \*

THE COURT: So does this count as two convictions or one?

[DEPUTY PROSECUTOR]: No, this is one.

\*   \*   \*   \*   \*

THE COURT: And it doesn't merge the other way?

[DEPUTY PROSECUTOR]: No, it doesn't merge the other way.

\*   \*   \*   \*   \*

THE COURT: And it's not a matter of discretion for the Court? Is that what you're saying?

[DEPUTY PROSECUTOR]: It is not. It's not. It must merge upward.

\*   \*   \*   \*   \*

[THE COURT]: The trial prosecutor stipulated that — and if the Defendant were adjudged guilty of the highest offense,

attempted murder in this case, that he would be subject only to a maximum of twenty years. As a result thereof, based upon that representation by the trial prosecutor, the Court allowed the Defendant Reyes only three preemptories, correct, [defense counsel]?

[DEFENSE COUNSEL]: Two, your Honor.

\* \* \* \* \*

[THE COURT]: And the Court finds that what [the deputy prosecutor] has argued in terms of what happens as far as an inchoate crime is concerned, like criminal conspiracy and the actual crime committed, that is attempted murder is correct. . . .

And the Court, therefore, in recognition of the rule, as far as merger is concerned, will sentence you only on Count III, that is the conviction for attempted murder. And it merges as [the deputy prosecutor] says upwards. . . .

So you are guilty of attempted murder and the Court will sentence you accordingly. . . . The Defendant is hereby committed to the custody of the Director of the Department of Social Services and Housing for imprisonment for a period of twenty years as to Count III.

The judgment, however, reads in relevant part as follows:

The above-named defendant having after a Jury Trial been found guilty of Criminal Conspiracy as to Count I, and Attempted Murder as to Count III,

IT IS ADJUDGED that said above-named defendant has been convicted of and is guilty of the offense of CRIMINAL CONSPIRACY as to COUNT I, and ATTEMPTED MURDER as to COUNT III committed in the manner and form set forth in the charge.

IT IS THE JUDGMENT AND SENTENCE of the Court that the Defendant be committed to the custody of the Director of the Department of Social Services and Housing, OAHU COMMUNITY CORRECTIONAL CENTER, for a period of TWENTY (20) YEARS until released in accordance with law[.]

Section 705-531, HRS (1976) provides in relevant part as follows:

Multiple convictions. A person may not be convicted of

more than one offense defined by this chapter [705] for conduct designed to commit or culminate in the commission of the same substantive crime.

Section 701-109, HRS (1976) provides in relevant part:

Method of prosecution when conduct establishes an element of more than one offense. (1) When the same conduct of a defendant may establish an element of more than one offense, the defendant may be prosecuted for each offense of which such conduct is an element. He may not, however, be convicted of more than one offense if:

(a) One offense is included in the other, as defined in subsection (4) of this section; or

(b) One offense consists only of a conspiracy or solicitation to commit the other; or

(c) Inconsistent findings of fact are required to establish the commission of the offenses; or

(d) The offenses differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct; or

(e) The offense is defined as a continuing course of conduct and the defendant's course of conduct was uninterrupted, unless the law provides that specific periods of conduct constitute separate offenses.

The prosecution admits that HRS §§ 701-109 and 705-531 preclude conviction of both counts I and III. It argues, however, that the word "convicted" as used in §§ 701-109 and 705-531 refers to the sentence and judgment rather than to the verdict. Under the prosecution's definition, if the jury finds Reyes guilty of counts I and III, §§ 701-109 and 705-531 may be satisfied by dismissing count I before sentencing.

We disagree with the prosecution's definition of the word "convicted" as used in HRS §§ 701-109 and 705-531. We define it as a verdict of guilty. Our definition is consistent with §§ 701-109 and 705-531 and their commentaries. If the word "convicted" is defined as the prosecution defines it, then in all of the situations covered by §§ 701-109 and 705-531 the jury would be allowed to find defendant guilty of all counts. One of the situations covered by § 701-109 is the included offense situation. HRS § 701-109(1)(a).

Under the prosecution's definition, it could charge the defendant with one count for each included offense allegedly committed, *see* 8A Moore's Federal Practice ¶ 31.13[3][c] (2d ed. 1985), and the jury could find defendant guilty of all of them so long as sentence and judgment was entered on only one of them. That is not the way to handle lesser included offense situations. See 8A Moore's Federal Practice ¶ 30.12(48) (2d ed. 1985); *Manual of Model Jury Instructions for the Ninth Circuit,* sec. 3.03 (1985).[5] Consequently, such a result is contrary to the intent and purpose of §§ 701-109 and 705-531.

A second alternative is to require one of the two counts to be dismissed before the case goes to the jury. We reject that alternative because it deprives the prosecution of the opportunity of convicting defendant of the dismissed count in the event the jury finds defendant not guilty of the other count.

A third alternative is to submit both counts to the jury with instructions that it may find defendant guilty of only one. We reject that alternative because the jury must be given some basis for choosing one or the other if it thinks defendant is guilty of both and we know of no such basis.

We opt for a fourth alternative. We conclude that such situations must be handled in the same manner as are situations involving included offenses, *i.e.,* if both counts are submitted to the jury, the jury must be instructed that it may decide the conspiracy count only in the event it does not find the defendant guilty of the accomplice to attempted murder count. 8A Moore's Federal Practice ¶¶ 30.12(48), 31.03[3][c] (2d ed. 1985); 2 Wright, Federal Practice and Procedure: *Criminal 2d* § 498 (1982).

---

[5] In *State v. Ogden,* 35 Or. App. 91, 580 P.2d 1049 (1978), the special concurrence contends that the jury should be instructed "that the manner and order in which it considers the offenses is wholly within its province, provided it considers all of the offenses about which it was instructed." 35 Or. App. at ____, 580 P.2d at 1054. We disagree. It is pointless for the jury to consider the lesser included offenses once the defendant is found guilty of the charged offense. *United States v. Crawford,* 576 F.2d 794 (9th Cir. 1978). However, the jury must always consider the charged offense. Therefore, the most logical, efficient, and appropriate sequence of consideration is for the jury first to consider the charged offense and to consider the lesser included offenses in descending order only when one or more jurors are not convinced beyond a reasonable doubt that the defendant is guilty of the charged offense.

If such a procedure had been applied in this case, the jury would not have decided count I. The fact that it decided count I, however, is harmless error with respect to count III.

With respect to the sentence, although the trial judge stated that he would sentence Reyes only for count III, the judgment indicates that Reyes was sentenced for both counts I and III.

Accordingly, we vacate the sentence and judgment with respect to count III (accomplice to attempted murder) and count I (criminal conspiracy to commit the murder), and remand for dismissal of count I and imposition of sentence and judgment with respect to count III only.

*Richard L. Hoke* for defendant-appellant.

*Ernest J. Freitas, Jr.,* Deputy Prosecuting Attorney, City & County of Honolulu, for plaintiff-appellee.