STATE OF HAWAII, Plaintiff-Appellant, *v.* STEPHEN JAMES HACKETT, also known as Mark La Savio, JEFFERY ALLAN HACKETT, and LISA ESTRADA, Defendants-Appellees, and LEONARD WAYNE ULIBARRI, also known as Leonard Martin, THOMAS GARCES, ANTHONY DALE BARNES, and RAY ADAM BATUNGBACAL, Defendants

NO. 13620

(CRIMINAL NO. 88-0761)

NOVEMBER 24, 1989

BURNS, C.J., HEEN AND TANAKA, JJ.

## OPINION OF THE COURT BY BURNS, C.J.

The State of Hawaii (State) appeals the circuit court's January 17, 1989 order dismissing Counts II and III of the May 17, 1988 indictment (Indictment) against defendants Stephen James Hackett (Stephen), Jeffery Allan Hackett (Jeffery), and Lisa Estrada (Lisa) (collectively Defendants).[1] We vacate the January 17, 1989 order and remand for the adjudication of Counts II and III.

The State contends that the lower court reversibly erred when it dismissed Counts II and III prior to their adjudication at trial. We agree. The issue is whether the January 5, 1989 judgment, entered pursuant to Defendants' *nolo contendere* (no contest) pleas, convicting Defendants of Count I (conspiracy to commit Counts II, III, and other crimes) bars the subsequent entry of judgments convicting Defendants of Counts II and III. Pursuant to Hawaii Revised Statutes (HRS) § 701-109(1)(b) (1985), our answer is no.

## FACTS

On May 17, 1988 Defendants and others were indicted on the following three counts:

Count I: Criminal Conspiracy to Promote a Dangerous Drug in the First Degree, HRS §§ 705-520 (1985)[2] and 712-1241(1)(b)(ii)(A) (1985).

---

[1] As indicated by Defendants, the State's opening brief violates Hawaii Rules of Appellate Procedure Rules 32(a) and (b) by not having proper margins at the top, bottom, and left-hand side of certain pages and by not having "clear and legible" type on all copies. Although we will not strike the brief and dismiss the appeal as requested by Defendants, we caution the State that such violations are inexcusable and must not be repeated.

[2] HRS § 705-520 provides:

**Criminal conspiracy.** A person is guilty of criminal conspiracy if, with intent to promote or facilitate the commission of a crime:

  (1) He agrees with one or more persons that they or one or more of them will engage in or solicit the conduct or will cause or solicit the result specified by the definition of the offense; and

  (2) He or another person with whom he conspired commits an overt act in pursuance of the conspiracy.

Count II: Attempted Promotion of a Dangerous Drug in the First Degree, HRS §§ 705-500 (1985) and 712-1241(1)(b)(ii)(A).

Count III: Promoting a Dangerous Drug in the First Degree, HRS § 712-1241(1)(b)(ii)(A).

The act alleged in Count II was an attempt by Stephen and Jeffery to distribute cocaine on or about February 22, 1988 through February 27, 1988. The act alleged in Count III was the distribution of cocaine by Stephen, Jeffery, and Lisa on April 8, 1988. The thirty-four overt acts alleged in Count I include eleven acts by Jeffery and Stephen during the period of time covered by Count II and two acts by Stephen, Jeffery, and Lisa on the day covered by Count III. When the acts alleged in Counts II and III are omitted from the overt acts alleged in Count I, the latter continues to state the essential elements of the conspiracy offense alleged. When the overt acts alleged in Count I are omitted from Counts II and III, the latter two counts fail to state the essential elements of the criminal offenses alleged.

On October 17, 1988 Defendants pled no contest to Count I, and the lower court accepted Defendants' pleas. The State did not object to the court's acceptance of their no contest pleas to Count I prior to the adjudication of Counts II and III. The State merely persuaded the court to advise Defendants that thereafter the court would not allow them to withdraw their no contest pleas to Count I, and that Counts II and III survived the court's acceptance of their no contest pleas to Count I.

On October 18, 1988 Defendants moved under Hawaii Rules of Penal Procedure Rule 12 to dismiss Counts II and III of the Indictment on the basis of HRS §§ 701-109(1)(b) and 705-531 (1985).[3] On January 5, 1989 the lower court entered the judgments convicting each Defendant of Count I and sentencing each of them to ten years incarceration. On January 17, 1989 the lower court

---

[3] HRS § 705-531 provides:

**Multiple convictions.** A person may not be convicted of more than one offense defined by this chapter for conduct designed to commit or culminate in the commission of the same substantive crime.

In this case, Count I involves a conspiracy to commit more substantive crimes than alleged in Counts II and III. Thus, Count I's conspiracy was not designed to commit or culminate in the commission of the same substantive crimes alleged in Counts II and III.

entered the order dismissing Counts II and III of the Indictment against Defendants. On February 1, 1989 the State filed a notice of appeal from the January 17, 1989 order pursuant to HRS § 641-13(1) (Supp. 1988).

## DISCUSSION

HRS § 701-109(1)(b) is dispositive in this case. It provides as follows:

**Method of prosecution when conduct establishes an element of more than one offense.** (1) When the same conduct of a defendant may establish an element of more than one offense, the defendant may be prosecuted for each offense of which such conduct is an element. He may not, however, be convicted of more than one offense if:

\*   \*   \*

(b) One offense consists only of a conspiracy or solicitation to commit the other[.]

The plain language of HRS § 701-109(1)(b) prohibits convicting a person of two offenses when one offense consists "only" of a conspiracy to commit the other. In other words, it prohibits convicting a defendant of committing criminal act A and of conspiring to commit only criminal act A. *See State v. Reyes,* 5 Haw. App. 651, 706 P.2d 1326 (1985).

This case presents the question whether HRS § 701-109(1)(b) prohibits convicting a person of conspiring to commit more than two criminal acts and of committing two of the criminal acts planned pursuant to the conspiracy. Construing the plain language of HRS § 701-109(1)(b), our answer is no.

Under HRS § 701-109(1)(b), those who conspire to commit more than two criminal acts and commit two of the criminal acts may be convicted of three crimes (committing the two criminal acts and conspiring to commit the other criminal act(s) ). As long as the conspiracy count of which they are convicted involves overt acts in furtherance of one or more crimes other than the two committed, its inclusion of the two committed as some, but not all, of the

conspiracy's overt acts neither invalidates nor precludes conviction of three crimes.

In this case, Count I alleged a conspiracy to commit Counts II and III plus other crimes. Since the judgment convicting Defendants of Count I was based on the lower court's acceptance of their no contest pleas, and Count I alleged a conspiracy to commit crimes in addition to the crimes alleged in Counts II and III, HRS § 701-109(1)(b) did not prohibit convictions on Counts I, II and III.[4]

The Model Penal Code (MPC), which is the source of HRS § 701-109(1)(b), supports our reading of the plain language of HRS § 701-109(1)(b). The commentary to MPC § 1.07 states, in relevant part, as follows:

Conspiracy to commit an offense, like attempt, may consist merely of preparation to commit that offense. Since, except for capital offenses and felonies of the first degree, the conspiracy is punishable in the same degree as the completed offense under the Code, a conviction of either adequately deals with such conduct. That is not true, however, where the conspiracy had as its objective engaging in a continuing course of criminal conduct. This involves a distinct danger in addition to that involved in the actual commission of any specific offense. Therefore, the limitation of the Code is confined to the situation

---

[4] Based on their no contest pleas to Count I, Defendants were convicted of all of the 34 overt acts alleged in Count I. Thus, we know that their conviction of Count I involved more overt criminal acts than those alleged in Counts II and III. The possibility that Defendants could have been convicted of Count I even if some of the overt acts alleged were rejected causes potential problems.

If Defendants had been convicted of Count I in a bench trial, would the trial court's findings of fact have indicated whether they were guilty of more overt acts than those alleged in Counts II and III?

If Defendants had been convicted of Count I in a jury trial, would we be able to determine whether Defendants were guilty of more overt acts than those alleged in Counts II and III?

The situation is more complicated in New Jersey. Under New Jersey Statutes Annotated § 2C:5-2(d) (Supp. 1989), overt acts do not have to be alleged and proved in cases of conspiracies to commit crimes of the first or second degree. Nevertheless, in *State v. Hardison*, 99 N.J. 379, 492 A.2d 1009 (1985), the court inquired into the manner in which the case was sent to the jury. However, it determined that the jury verdict did not establish that defendants conspired to commit a criminal offense other than the completed one of which they had been convicted.

Obviously, this issue is best addressed when drafting the charge or indictment and when the jury instructions or findings of fact are being settled.

where the completed offense was the sole criminal objective of the conspiracy. Thus, there may be a conviction of both a conspiracy and a completed offense committed pursuant to that conspiracy if the prosecution shows that the objective of the conspiracy was the commission of offenses in addition to that for which the defendant has been convicted.

MODEL PENAL CODE § 1.07 commentary at 109 (1985) (footnotes omitted).

## CONCLUSION

Accordingly, we vacate the lower court's January 17, 1989 order dismissing Counts II and III of the May 17, 1988 indictment agains defendants Stephen James Hackett, Jeffery Allan Hackett, and Lisa Estrada and we remand for the adjudication of Counts II and III.

*Gary A. Modafferi,* Deputy Prosecuting Attorney, City & County of Honolulu, *(Wallace W. Weatherwax* on the opening brief) for plaintiff-appellant.

*Gary Y. Murai* and *William A. Harrison* for defendant-appellee Stephen James Hackett.

*Chester M. Kanai* for defendant-appellee Lisa Estrada.

*Martin A. Steinberg* for defendant-appellee Jeffery Allan Hackett.