**STATE OF HAWAII**, Plaintiff–Appellee, v. **BARRY J. FERREIRA**, Defendant–Appellant

NO. 13739

(CR. NO. 88–1698)

MAY 4, 1990

BURNS, C.J., HEEN, AND TANAKA, JJ.

## OPINION OF THE COURT BY BURNS, C.J.

Defendant Barry J. Ferreira (Ferreira) appeals the March 23, 1989 judgment convicting him of one of three counts of Terroristic Threatening in the First Degree (First Degree), Hawaii Revised Statutes (HRS) § 707–716 (1985). We vacate the judgment and remand for a new trial.

The counts emanated from a noontime incident on September 12, 1988. Male occupants of a residence near Ferreira's residence heard Ferreira yelling and screaming obscenities. When this continued for about ten minutes, one of the male occupants shouted to Ferreira, asking him to quiet down. Ferreira responded by entering their property while holding his twelve–gauge shotgun, and confronting them.

There is no merit to Ferreira's points that the trial court reversibly erred when it (1) denied his pretrial motion to suppress the evidence of the twelve–gauge shotgun and the incriminating statements Ferreira made to the police; and (2) declined to instruct the jury that using a weapon to create apprehension does not rise to the level of deadly force.

Ferreira's meritorious point involves the court's instruction to the jury that it must unanimously find Ferreira not guilty of First Degree before it may consider Ferreira's guilt of the lesser included offense of Terroristic Threatening in the Second Degree (Second Degree). The issue is whether the jury should have been

instructed that it could consider Ferreira's guilt or innocence of Second Degree after it reasonably tried but was unable to unanimously agree on Ferreira's guilt or innocence of First Degree. Our answer is yes.

The trial court denied Ferreira's request that the jury be instructed as follows:

> If you cannot unanimously agree on a verdict on the charge of [First Degree] then you may consider whether BARRY J. FERREIRA committed the offense of [Second Degree].

Upon the State's request, and over Ferreira's objection, the court actually instructed the jury as follows:

> If you unanimously agree that [Ferreira] is not guilty of [First Degree], then and only then may you consider whether he is guilty or not guilty of the included offense of [Second Degree].

In Hawaii, the law of included offenses is primarily statutory. HRS § 701–109 (1985) provides in relevant part as follows:

> (4) A defendant may be convicted of an offense included in an offense charged in the indictment or the information. An offense is so included when:
>
> (a) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or
>
> (b) It consists of an attempt to commit the offense charged or to commit an offense otherwise included therein; or
>
> (c) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a different state of mind indicating lesser degree of culpability suffices to establish its commission.

(5) The court is not obligated to charge the jury with respect to an included offense unless there is a rational basis in the evidence for a verdict acquitting the defendant of the offense charged and convicting him of the included offense.

HRS § 701–110 (1985) provides in relevant part as follows: When a prosecution is for an offense under the same statutory provision and is based on the same facts as a former prosecution, it is barred by the former prosecution under any of the following circumstances:

(1) * * * A finding of guilty of a lesser included offense is an acquittal of the greater inclusive offense, although the conviction is subsequently set aside on appeal by the defendant.

HRS § 701–111 (1985) provides in relevant part as follows:

Although a prosecution is for a violation of a different statutory provision or is based on different facts, it is barred by a former prosecution under any of the following circumstances:

(1) The former prosecution resulted in an acquittal which has not subsequently been set aside or in a conviction . . . and the subsequent prosecution is for:

(a) Any offense of which the defendant could have been convicted on the first prosecution; or

(b) Any offense for which the defendant should have been tried on the first prosecution under section 701–109 unless the court ordered a separate trial of the offense[.]

In cases involving one or more included offenses, these statutes mandate the giving of included offense instructions over both

the prosecution's and the defendant's objection. Further, a judgment of conviction of a lesser included offense bars prosecution of a greater offense.

In New York and some other jurisdictions, the trial court must give essentially the same instruction as was given at Ferreira's trial. *People v. Boettcher*, 69 N.Y.2d 174, 505 N.E.2d 594 (1987). In our view, the New York instruction is inconsistent with Hawaii's statutory and judicial policy against a trial resulting in a hung jury when the jury cannot unanimously agree on the defendant's guilt or innocence of the offense charged but can unanimously agree on the defendant's guilt of a lesser included offense. As we have previously stated, "the most logical, efficient, and appropriate sequence of consideration is for the jury first to consider the charged offense and to consider the lesser included offenses in descending order only when one or more jurors are not convinced beyond a reasonable doubt that the defendant is guilty of the charged offense." *State v. Reyes*, 5 Haw. App. 651, 658 n.5, 706 P.2d 1326, 1330 n.5 (1985). Our statement in *State v. Miyahira*, 6 Haw. App. 320, 330, 721 P.2d 718, 725 (1986), that "we held" in *Reyes* that the jury may consider "the included offense only if it finds the defendant not guilty of the offense charged" is a misstatement.

Several federal circuits allow the defendant to elect between the New York instruction given in this case and the instruction requested by Ferreira. If the defendant expresses no choice, the court may give the one that it prefers. *See United States v. Jackson*, 726 F.2d 1466 (9th Cir. 1984). In our view, only one instruction should be allowed and the choice should be based on legislative and judicial policy, not each defendant's or each trial court's discretion.

Accordingly, we vacate the March 23, 1989 judgment and remand for a new trial.

*Richard Wayne Pollack*, Public Defender (*Phyllis J. Hironaka*, Deputy Public Defender, with him on the Opening Brief), for defendant–appellant.

*Wallace Weatherwax*, Deputy Prosecuting Attorney (*Charlotte J. Duarte*, Deputy Prosecuting Attorney, on the Answering Brief), for plaintiff–appellee.