[No. 23690-3-I. Division One. August 20, 1990.]

THE STATE OF WASHINGTON, *Respondent,* v. STEPHEN
LABANOWSKI, *Appellant.*

*Helen Anderson* and *Scott Busby* of *Washington Appellate Defender Association,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *Joan Cavagnaro* and *Seth Aaron Fine, Deputies,* for respondent.

SWANSON, J.—Stephen Labanowski appeals from his conviction for second degree assault. Labanowski contends that the trial court erred in refusing to give his proposed instruction based on revised WPIC 155.01.

Labanowski was charged with second degree assault following a fight on May 31, 1988. The case was submitted to

the jury on standard instructions covering second degree assault and the lesser included offense of simple assault. The trial court also gave instruction 16, a standard concluding instruction based on former WPIC 155.00.

Counsel for Labanowski excepted to instruction 16, arguing that the instruction was incorrect in light of *State v. Watkins,* 99 Wn.2d 166, 660 P.2d 1117 (1983), and that the trial court should therefore give the WPIC instruction revised in light of *Watkins.* The trial court gave the unrevised WPIC instruction.

The sole issue on appeal is Labanowski's contention that the trial court erred in giving instruction 16, which incorporated former WPIC 155.00, instead of his proposed instruction based on revised WPIC 155.01. Instruction 16 provided:

Upon retiring to the jury room for your deliberation of this case, your first duty is to select a person to act as chairperson. It is his or her duty to see that discussion is carried on in a sensible and orderly fashion, that the issues submitted for your decision are fully and fairly discussed, and that every juror has a chance to be heard and to participate in the deliberations upon each question before the jury.

You will be furnished with all of the exhibits admitted in evidence, these instructions and verdict forms A and B.

You must fill in the blank provided in verdict form A the words "not guilty" or the word "guilty," according to the decision you reach.

If you find the defendant guilty on verdict form A, do not use verdict form B. If you find the defendant not guilty on verdict form A, fill in the blank provided in verdict form B the words "not guilty" or the word "guilty," according to the decision you reach.

If you find the defendant guilty of the crime of assault but have a reasonable doubt as to which of two or more degrees of that crime the defendant is guilty, it is your duty to find the defendant not guilty on verdict form A, and to find the defendant guilty of the lower degree on verdict form B.

Since this is a criminal case, all twelve of you must agree for you to return a verdict. When all of you have so agreed, fill in the proper form of verdict or verdicts to express your decision. The chairperson will sign it and notify the bailiff who will conduct you into court to declare your verdict.

Appellant's challenge to instruction 16 rests primarily on the Court of Appeals decision in *State v. Watkins, supra,* which stated that Washington law

> does not require all jurors in a criminal case to agree that the higher degree of an offense was *not* committed before considering the lesser included offense.

(Italics ours.) *State v. Watkins,* 31 Wn. App. 485, 487, 643 P.2d 465 (1982), *aff'd on other grounds,* 99 Wn.2d 166, 660 P.2d 1117 (1983). In support of this proposition, the court cited RCW 9A.04.100(2), which provides:

> When a crime has been proven against a person, and there exists a reasonable doubt as to which of two or more degrees he is guilty, he shall be convicted only of the lowest degree.

*Watkins,* 31 Wn. App. at 487. The language of RCW 9A.04.100(2), which is essentially identical to RCW 10.58-.020, was incorporated not only into challenged instruction 16, but also into unchallenged instruction 10.[1]

Labanowski argues that instruction 16, read in its entirety, informed the jury that it could not *consider* the lesser offense of simple assault until it unanimously agreed that he was innocent of the greater offense and thereby violated the *Watkins* rule. Labanowski maintains that because of the general unanimity requirement, the jury would understand instruction 16 to permit consideration of verdict form B (simple assault) only after unanimous agreement on verdict form A (second degree assault).

The precise nature of the prejudice resulting from the allegedly incorrect instruction is unclear. Appellant appears to be suggesting that instruction 16 could have coerced jurors who were otherwise inclined to acquit the appellant of the greater charge to abandon their beliefs and join the verdict because they did not believe that consideration of the lesser offense was possible until unanimity was reached on the greater offense. *See Dresnek v. State,* 697 P.2d 1059, 1062 (Alaska Ct. App. 1985), *aff'd,* 718 P.2d 156 (Alaska), *cert. denied,* 479 U.S. 1021 (1986).

---

[1] Instruction 10 was WPIC 4.11.

■ We find appellant's analysis unpersuasive for several reasons. First, we do not read instruction 16, *i.e.,* former WPIC 155.00, to suggest to jurors that they may not *consider* the lesser included offense until they have unanimously decided the greater charge. As already indicated, instruction 16 incorporated RCW 9A.04.100(2), which provides that the jury must return a verdict on the lesser charge when there is unanimity as to the commission of an offense, but "a reasonable doubt" as to which degree. This provision, viewed in light of the admonition to discuss the issues submitted "fully and fairly," clearly contemplates the jury considering the lesser offense even if it is not unanimous as to the greater. In addition, unchallenged instruction 10, which also incorporated RCW 9A.04.100(2), informed the jury:

> *If you are not satisfied beyond a reasonable doubt* that the defendant is guilty of the crime charged, the defendant may be found guilty of any lesser crime, the commission of which is necessarily included in the crime charged, if the evidence is sufficient to establish the defendant's guilt of such lesser crime beyond a reasonable doubt.

(Italics ours.) This language also contemplates consideration of the lesser included offense if there is juror disagreement about the greater. *Cf. United States v. Tsanas,* 572 F.2d 340, 344 n.4 (2d Cir.), *cert. denied,* 435 U.S. 995 (1978).

Second, as a practical matter, the jury cannot ignore the lesser included offense when considering the greater. By definition, consideration of the elements of the greater offense necessarily involves consideration of the elements of the lesser offense. *See Dresnek v. State, supra* at 1062 ("In most cases it is difficult to see how a juror would be unaware that a unanimous conviction on the lesser was an alternative to an acquittal on all charges.").

Finally, we do not read either the Court of Appeals or the Supreme Court decision in *Watkins* as suggesting that former WPIC 155.00 constituted an incorrect or insufficient statement of the law. In *Watkins,* the defendant was tried on a charge of first degree assault. The case was submitted

to the jury with instructions on first degree assault and the lesser included offense of second degree assault. The trial court gave former WPIC 155.00 as well as the standard WPIC verdict forms A and B. *See* former WPIC 180.01, 180.05.

After deliberating for several hours, the jury in *Watkins* sent two messages to the trial judge indicating that it was deadlocked. Over the defendant's objection, the trial judge then submitted to the jury two new verdict forms, C and D, which simply repeated the language of standard verdict form A, and the following supplemental instruction:

> You are now being given verdict forms C and D. If the jury can agree upon the question of guilt or innocence as to either assault in the First Degree or assault in the Second Degree, fill in the appropriate verdict form to express that verdict. *In this process it is not necessary that you agree on assault in the First Degree before considering assault in the Second Degree.* Do not use verdict forms A and B, but only verdict forms C and/or D.

(Italics ours.) *Watkins,* 99 Wn.2d at 171. Ten minutes after receiving the supplemental instructions, the jury returned a guilty verdict on the lesser included offense.

On appeal, we affirmed, holding that the *supplemental* instruction correctly stated the law, as set forth in RCW 9A.04.100(2), and that the trial court had not coerced the jury into reaching a verdict. On further review, our Supreme Court, although arguably recognizing the underlying rule as stated in the Court of Appeals decision, also affirmed the conviction, framing the issue as whether the trial court's supplemental instruction had improperly coerced a deadlocked jury into reaching a verdict. The court characterized the supplemental instruction as "a carefully neutral explanation of the earlier instructions" that clarified an ambiguity in *verdict form B. Watkins,* 99 Wn.2d at 178.

The propriety of the supplemental instruction in *Watkins* was analyzed only in light of its effect on a jury that had twice expressed its inability to reach a verdict. There is

no suggestion in the instant case that the jury was dead-locked. Moreover, the problem identified in *Watkins* was the verdict form, not former WPIC 155.00. Consequently, *Watkins* does not support the proposition that a defendant is entitled to a general instruction incorporating the language of the supplemental instruction or that former WPIC 155.00 was incorrect.

Several post–*Watkins* decisions have rejected the contention that unrevised WPIC 155.00 constitutes an erroneous statement of the law. In *State v. Krup,* 36 Wn. App. 454, 676 P.2d 507, *review denied,* 101 Wn.2d 1008 (1984), the defendant contended that the trial court had erred in refusing to give a proposed instruction containing one sentence that "more clearly states that the jury need not necessarily agree on second degree assault before considering the lesser included offense." *Krup,* at 462. The instructions given in *Krup* were functionally similar to those used in the instant case. The *Krup* court noted that the supplemental instruction in *Watkins* was superfluous because it merely "restated the correct law embodied in a previously submitted instruction," *i.e.,* incorporating RCW 9A.04-.100(2). *Krup,* at 462.

The *Krup* analysis was adopted in two other cases. In *State v. Hightower,* 36 Wn. App. 536, 549, 676 P.2d 1016, *review denied,* 101 Wn.2d 1013 (1984), the court held that it was not error to refuse to give the *Watkins* supplemental instruction because "that instruction was essentially duplicitous of uniform instructions given (WPIC 4.11 and [former] 155)." *Hightower,* at 549; *accord, State v. Despenza,* 38 Wn. App. 645, 651, 689 P.2d 87, *review denied,* 103 Wn.2d 1005 (1984) ("[instruction containing RCW 9A.04.100(2) (WPIC 4.11)] clarified any ambiguity in verdict form B").

In summary, we find that instruction 16, considered in light of the instructions as a whole, permitted the jury to *consider* the lesser included offense before reaching a unanimous decision on the greater.

The Committee on Jury Instructions revised former WPIC 155.00 and several related pattern instructions and verdict forms to "conform to the requirements" of *Watkins*. Comment, WPIC 155.00, 11 Wash. Prac. (Supp. 1986). Labanowski's proposed instruction, incorporating revised WPIC 155.01, informed the jury that "[w]hen completing the verdict forms, you will first consider the crime of assault in the second degree as charged . . .". Upon unanimous agreement, the jury was instructed to fill in verdict form A. The proposed instruction then went on to replace the language in former WPIC 155.00, drawn from RCW 9A.04.100(2), with the following provision:

> If you find the defendant guilty on verdict form A, do not use verdict form B. If you find the defendant not guilty of the crime of assault in the second degree, *or if after full and careful consideration of the evidence you cannot agree on that crime, you will consider the lesser crime of simple assault.* If you unanimously agree on a verdict, you must fill in the blank provided in verdict form B the words "not guilty" or the word "guilty," according to the decision you reach.

(Italics ours.)

 The text of the supplementary instruction approved in *Watkins* differs substantially from Labanowski's proposed instruction and provides no support for such structuring of jury deliberations. First, nothing in *Watkins* requires the jury to consider the greater crime before the lesser. Nor does *Watkins* indicate that the decision as to when the jury has given "full and careful consideration" to the greater offense is to be left to the jury. Such an instruction, which injects potential confusion into the deliberative process, also implies that the jury determines when it is deadlocked. This approach thus undermines the broad discretion accorded the trial judge in deciding whether a jury is permanently deadlocked. *See State v. Taylor*, 109 Wn.2d 438, 442, 745 P.2d 510 (1987). The trial judge "is in the best position to determine whether a jury's stalemate is only a temporary step in the deliberation process or the unalterable conclusion to that process." *State v. Taylor, supra* at 442. The jury's own assessment that it is

deadlocked, while helpful, is not controlling. *State v. Taylor, supra* at 443. Because Labanowski's proposed instruction was not supported by applicable Washington authority, the trial court did not err in refusing to give it.

Appellant has challenged instruction 16 only on the basis that it precluded the jury from *considering* the lesser included offense before unanimously determining guilt on the greater. Consequently, we do not decide whether or under what circumstances it might be appropriate to structure or specify in greater detail the order of jury deliberations in cases involving lesser included offenses. This issue is complicated and has engendered a great variety of approaches in other jurisdictions. *See generally Jones v. United States,* 544 A.2d 1250 (D.C. 1988).

Although holding that the trial court did not err in ordering further deliberations on the greater offense when the jury had returned a verdict on the lesser, our Supreme Court has expressly declined to determine whether Washington law permits a jury to *render a verdict* on a lesser included offense when it cannot reach unanimity on the greater. *State v. Taylor, supra* at 441–42 (concluding that the jury had not completed deliberations on the greater). The *Taylor* court then went on to cite cases in other jurisdictions prohibiting a jury from delivering a verdict on a lesser included offense until it has reached unanimity on the greater. *Taylor,* at 444.

A leading federal case holds that neither an instruction requiring unanimous acquittal of the greater charge before consideration of the lesser ("acquittal first" instruction) nor an instruction permitting consideration of the lesser offense if the jury, after all reasonable efforts, is unable to reach agreement on the greater ("unable to agree" instruction) is wrong as a matter of law. *United States v. Tsanas, supra* at 346. The court concluded, however, that the defendant, for tactical reasons, is entitled to the instruction of his own choice:

> It is [the defendant's] liberty that is at stake, and the worst that can happen to the Government under the ["unable to

agree"] instruction is his readier conviction for a lesser rather than a greater crime.

*United States v. Tsanas, supra* at 346. *Accord, United States v. Jackson,* 726 F.2d 1466 (9th Cir. 1984).

Some jurisdictions have adopted a strict "acquittal first" approach, requiring jury unanimity on the greater charge before consideration of the lesser. *See, e.g., People v. Boettcher,* 69 N.Y.2d 174, 505 N.E.2d 594 (1987), *cited in State v. Taylor, supra.* The court in *Boettcher* rejected *Tsanas* and its progeny

> because they give insufficient weight to the principle that it is the duty of the jury not to reach compromise verdicts based on sympathy for the defendant or to appease holdouts, but to render a just verdict by applying the facts it finds to the law it is charged. It is no doubt true, as we have noted in the past, that in jury rooms, as well as all other deliberative bodies, some strong members are able to impress their will upon the weaker; but acknowledgement of the imperfection of human nature is quite a different thing from the creation of an environment conducive to such behavior. For the same reason, we must reject the defendant's contention that the *Tsanas* charge promotes efficient use of judicial resources by obviating the need for protracted deliberations when a jury becomes deadlocked on the top count by providing a lesser included offense upon which a compromise can be reached.

(Citations omitted.) *Boettcher,* at 183. *Accord, State v. Van Dyken,* 242 Mont. 415, 791 P.2d 1350 (1990).

The *Boettcher* analysis was recently rejected by the court in *State v. Ferreira,* ___ Hawaii App. ___, 791 P.2d 407 (1990), which held that the defendant was entitled to an "unable to agree" instruction:

> In our view, the New York instruction is inconsistent with Hawaii's statutory and judicial policy against a trial resulting in a hung jury when the jury cannot unanimously agree on the defendant's guilt or innocence of the offense charged but can unanimously agree on the defendant's guilt of a lesser included offense. As we have previously stated, "the most logical, efficient, and appropriate sequence of consideration is for the jury

first to consider the charged offense and to consider the lesser included offenses in descending order only when one or more jurors are not convinced beyond a reasonable doubt that the defendant is guilty of the charged offense."

*Ferreira,* 791 P.2d at 409 (quoting *State v. Reyes,* 5 Hawaii App. 651, 658 n.5, 706 P.2d 1326 (1985)). The *Ferreira* court also rejected, however, the *Tsanas* rule permitting the defendant to choose the form of the transition instruction. *Ferreira,* 791 P.2d at 409; *see also State v. Allen,* 301 Or. 35, 717 P.2d 1178 (1986) ("acquittal first" instruction exacerbates risk of coerced decisions).

Yet another line of cases, distinguishing between jury "consideration" of an issue and "returning a verdict," has adopted an approach that permits the jury to consider offenses in any order it chooses, but prohibits *returning a verdict* on the lesser offense until it has agreed on the greater. *See People v. Kurtzman,* 46 Cal. 3d 322, 758 P.2d 572, 250 Cal. Rptr. 244 (1988):

As for the sequence of deliberations, we have noted in other contexts that jurors should not be unduly influenced in their determination of the facts by matters extraneous to the evidence and arguments of counsel. This does not mean, however, that they must be free of all judicial influence. Where charges and associated verdict forms are complex, the trial judge has the discretion . . . to forestall an anticipated deadlock or to assist the jury in moving beyond an actually threatened deadlock by directing the jury under an instruction such as CALJIC No. 8.75 at least as to the sequence in which verdicts will have to be ultimately rendered. That instruction helpfully returns the jury to the courtroom when the jury seems unable to agree on the greater charge in the course of its deliberations; and at that point the trial judge has the opportunity to emphasize that while the jury may consider charges in any order it wishes to facilitate ultimate agreement on a conviction or acquittal, it may not return a verdict on lesser offenses unless it has unanimously agreed on a disposition of the greater. It also permits the court to reiterate that if the jury is unanimous on a greater offense, no further deliberation may be necessary and to correct any misunderstanding of the law that the jury may express.

(Footnote and citations omitted.) *Kurtzman,* at 331–32. *Accord, Dresnek v. State, supra.*

Judgment affirmed.

GROSSE, A.C.J., and PEKELIS, J., concur.

Review granted at 115 Wn.2d 1027 (1990).