8 P.3d 631

**STATE of Hawai'i, Plaintiff–Appellee,**

v.

**Kamalin KAZMAR, Defendant–Appellant.**

No. 22576.

Intermediate Court of Appeals of Hawai'i.

July 28, 2000.

Reconsideration Denied Aug. 16, 2000.

John R. Remis, Jr., on the brief, for Defendant–Appellant.

Loren J. Thomas, Deputy Prosecuting Attorney, City & County of Honolulu, on the brief, for Plaintiff–Appellee.

BURNS, C.J., WATANABE, J., and Circuit Judge PERKINS, in Place of LIM, J., Disqualified.

Opinion of the Court by BURNS, C.J.

Defendant–Appellant Kamalin Kazmar (Kazmar or Defendant) appeals the circuit court's May 21, 1999 Judgment, upon a jury's verdict, convicting her of the included offense of Assault in the Third Degree, Hawai'i Revised Statutes (HRS) § 707–712 (1993) (Assault Third) and sentencing her to probation for one year upon conditions. We vacate and remand.

In this opinion, we discuss the trial court's discretion to give an included offense instruction to the jury when that included offense instruction is not requested by the plaintiff and is tactically objected to by the defendant.

## BACKGROUND

The evidence presented by Plaintiff–Appellee State of Hawai'i (State) shows that on January 30, 1998, while Dawn Parado (Parado) was working as a "cocktail server" at the Pier Bar at the Aloha Tower Marketplace, Mark Grice (Grice) allegedly grabbed her "behind." While Grice was walking away, Parado followed him and told him "that he shouldn't touch [her] at all, and that if it happened again, [she] would have security escort him out." Grice "laughed at [her] and looked at [her] like [she] was ridiculous, that [she] had no grounds for saying anything that [she] had said, and just kept drinking his beer." Parado repeated her warning. At that point, Defendant, who is Grice's girl friend, became involved when she grabbed the front of Parado's hair, and then "hit [Parado] in the head with her left hand with a beer bottle in her hand." The bottle had beer in it. The bottle "connected with [Parado's] forehead right above [her] left eye" and caused a "cut" and "bleeding."

In contrast, Defendant's evidence shows that Parado falsely accused Grice of having "grabbed [her] ass," and that Parado physically attacked Grice without provocation. When Defendant stepped between Grice and Parado, Parado attacked Defendant, "sucker punched [her]," and "was hitting [her]." De-

fendant suffered "a swollen nose," "cuts ... across the bridge of [her] nose," and "three lumps on her head, scratches and cuts on her head." In response, Defendant "hit [Parado] twice."

Defendant was tried for Assault in the Second Degree, HRS § 707–711 (Assault Second). Although the State did not request an instruction regarding Assault Third as an included offense, and Defendant objected to it, the court gave that instruction to the jury.[1] Defendant "concedes that there was a basis for the Court to give [an included offense] instruction."

The jury found Defendant guilty of Assault Third as an included offense.

## RELEVANT PRECEDENT

In *State v. Ferreira*, 8 Haw.App. 1, 4–5, 791 P.2d 407, 409 (1990), this court concluded that "[i]n cases involving one or more included offenses, [the] statutes mandate the giving of included offense instructions over both the prosecution's and defendant's objection."

In *State v. Kupau*, 10 Haw.App. 503, 879 P.2d 559, aff'd, 76 Hawai'i 387, 879 P.2d 492 (1994), the State did not request, Kupau did not object to, and the court did not give an included offense instruction. Kupau was convicted of Assault Second. Consistent with *Ferreira, supra*, this court decided that it was plain error not to instruct on Assault Third and concluded "that the interests of justice require that a jury in a criminal case be instructed on every included offense reasonably warranted by the evidence." *Kupau*, 10 Haw.App. at 516, 879 P.2d at 564.

◾ On certiorari, the Hawai'i Supreme Court affirmed the result but disagreed with this court's conclusion and stated as follows:

In the specific context of included offense instructions, it is also the established law of this jurisdiction that "the prosecution as well as [the] defendant may request an instruction on a lesser included of-

---

1. Under Hawai'i Revised Statutes (HRS) § 707–711(1)(d) (1993), "[a] person commits the offense of assault in the second degree if ... [t]he person intentionally or knowingly causes bodily injury to another with a dangerous instrument[.]"

Under HRS § 707–712(1)(a) (1993), "[a] person commits the offense of assault in the third degree if the person ... [i]ntentionally, knowingly or recklessly causes bodily injury to another person[.]"

fense," *Sneed*, 68 Haw. at 465, 718 P.2d at 282, and that such an instruction may be given "over both the prosecution's and the defendant's objection." *Ferreira*, 8 Haw. App. at 4–5, 791 P.2d at 409. However, prior to the present matter, no appellate decision in this jurisdiction has expressly addressed the question whether, under any circumstances, a defendant can, as a tactical matter, legitimately seek to preclude the trial court from giving included offense instructions."

. . . .

Thus, in order to reconcile the competing interests of the prosecution and defendants, as well as to ensure that juries are appropriately instructed in criminal cases, we hold as follows: The trial judge must bring all included offense instructions that are supported by the evidence to the attention of the parties. The trial judge must then give each such instruction to the jury unless (1) the prosecution does not request that included instructions be given and (2) the defendant specifically objects to the included offense instructions for tactical reasons.[13]  If the prosecution does not make a request and the defendant makes a tactical objection, the trial judge must then exercise his or her discretion as to whether the included offense instructions should be given. The trial judge's discretion should be guided by the nature of the evidence presented during the trial,[14] as well as the extent to which the defendant appears to understand the risks involved.

---

13. The trial judge must enter into a colloquy, on the record, directly with the defendant to insure that the defendant understands the effect and potential consequences of waiving the right to have the jury instructed regarding included offenses.

14. For example, although there may be sufficient evidence to support a guilty verdict as to a charged offense, if the weight of the evidence is to the contrary but supports guilt as to an included offense, the trial judge would be justified in giving an instruction regarding the included offense, even if it has not been requested by the prosecution and the defendant has expressly objected to it for tactical reasons.

2. It appears the court assumes that all defendants can be made to understand at least to the

*Kupau*, 76 Hawai'i at 393–96, 879 P.2d at 498–501 (citations omitted).

### KAZMAR'S POINT ON APPEAL

Kazmar argues that "[t]he failure of the court to have entered into an on the record colloquy directly with the defendant to ensure defendant understood the effect and potential consequences of her waiving her right to have the jury instructed regarding a lesser included offense prior to the court exercising its discretion in so doing without a prosecution request and over objection of defendant constitutes plain error."

### DISCUSSION

In this case, the State did not request, and Kazmar tactically objected to, the included offense instruction.

In *Kupau*, the Hawai'i Supreme Court stated the following two requirements:

■ First, footnote 13 of *Kupau* states that before the trial court decides whether or not to give the included offense instruction, the trial court "must enter into a colloquy, on the record, directly with the defendant to insure that the defendant understands the effect and potential consequences of waiving the right to have the jury instructed regarding included offenses." *Kupau*, 76 Hawai'i at 395–96 n. 13, 879 P.2d at 500–01 n. 13. Clearly, the court must "insure that the defendant understands[.]"[2]

Second, in its body, *Kupau* states that "[t]he trial judge's discretion should be guided by . . . the extent to which the defendant appears to understand the risks involved." *Kupau*, 76 Hawai'i at 396, 879 P.2d at 500–01. In other words, understanding comes in degrees and the trial judge must determine the degree of the defendant's understanding. On a scale of 1 to 100, the defendant's understanding could be anywhere from 50.1 to 100. The *Kupau* rule requires that the defendant's understanding be at least 50.1. As long as the defendant's understanding is at least 50.1, the court has no duty to increase that understanding.

minimum degree required.

The *Kupau* rule causes the trial court's discretionary decision to give or not to give the included offense instruction to depend in part on the court's assessment of "the extent to which the defendant appears to understand the risks involved" without giving any guidance as to how the degree of the defendant's understanding affects the court's discretion. Absent a definite impact by the degree of the defendant's understanding on the court's discretion, the purpose of the assessment of the degree of the defendant's understanding is minimized.

In *Kupau*, neither the prosecution nor the defense requested the included offense instruction, the trial court did not enter into the colloquy on the record or give the included offense instruction, and the defendant was convicted of the charged offense. Without the colloquy, there was no evidence or finding of "the extent to which defendant appear[ed] to understand the risks involved" in not giving the included offense instruction. The Hawai'i Supreme Court affirmed this court's vacation of the conviction and remand for a new trial.

■ In Kazmar's case, the trial court did not enter into the colloquy on the record, Kazmar objected to the included offense instruction, the trial court gave the included offense instruction, and Kazmar was convicted of the included offense. The State contends that "when the trial judge decided to instruct the jury on the included offense, there was no risk or consequence to discuss with [Kazmar], because nothing was going to be foregone." In other words, the State contends that when the defendant objects to the included offense instruction, but the trial court gives it, the *Kupau* colloquy lacks purpose and is unnecessary. We disagree.

According to *Kupau*, the purpose of the *Kupau* colloquy is to determine "the extent to which the defendant appears to understand the risks involved" because that is one of the two considerations by which "[t]he trial judge's discretion should be guided[.]"

*Kupau*, 76 Hawai'i at 396, 879 P.2d at 501. In this case, Kazmar did not have the benefit of the trial judge's properly guided discretion. Although it may have been within the trial judge's discretion to give the instruction no matter what the result of the colloquy, it cannot be said for certain that the trial judge in this case would have given the instruction had he determined, after the colloquy, that Kazmar fully and completely understood all of the risks involved. Therefore, the trial judge's error was not harmless.

In *Kupau*, the Hawai'i Supreme Court also expressly noted that "[t]he trial judge's discretion should be guided by the nature of the evidence presented during the trial" and, "although there may be sufficient evidence to support a guilty verdict as to a charged offense, if the weight of the evidence is to the contrary but supports guilt as to an included offense, the trial judge would be justified in giving an instruction regarding the included offense." *Kupau*, 76 Hawai'i at 396 n. 14, 879 P.2d at 501 n. 14. These limitations on the trial judge's discretion ignore the impact of the result of the "colloquy."

■ With respect to "the weight of the evidence" being more supportive of the included offense than the charged offense, *Kupau* did not specify on what basis that "weight" should be determined and whether that determination is a finding of fact or conclusion of law.[3]

The possibilities range anywhere between the weight of the evidence being heavily in favor of the charged offense and heavily in favor of the included offense. Footnote 14 of *Kupau* states that "although there may be sufficient evidence to support a guilty verdict as to a charged offense, if the weight of the evidence is to the contrary but supports guilt as to an included offense, the trial judge would be justified in giving an instruction regarding the included offense[.]" *Kupau*, 76 Hawai'i at 396 n. 14, 879 P.2d at 501 n. 14. In other words, the trial court has the discretion[4] to give the included offense instruction

---

**3.** "[I]t is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence[.]" *State v. Buch*, 83 Hawai'i 308, 321, 926 P.2d 599, 612 (1996) (quoting *Domingo v.*

*State*, 76 Hawai'i 237, 242, 873 P.2d 775, 780 (1994) (citation and internal quotation marks omitted)).

**4.** Under an unlimited abuse of discretion standard of review, if in two separate jury trials

when the "weight" of the evidence is 51–49 or more in favor of the included offense. *Kupau* did not indicate whether the trial judge has discretion when the "weight" of the evidence is 50–50 or 51–49 or more in favor of the charged offense.

everything (the judge, the prosecutor, the defense counsel, the evidence, the arguments, the defendant or the victim, the lack of the prosecution's request for the included offense instruction, the defendant's objection to the included offense instruction for tactical reasons, and the defendant's clear understanding of the effect and potential consequences of the waiver) is the same except

## CONCLUSION

Accordingly, we vacate the May 21, 1999 Judgment and remand for a new trial.

the jury and the defendant or the victim, the included offense instruction could be given in one case and not the other and both decisions would have to be affirmed on appeal. The more a definitive boundary is placed on the trial court's discretion, the more the undesirable uncertainty created by "depends which judge hears your case" can be eliminated.