[No. 9433–5–I.   Division One.   April 5, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. DONALD
FRANK WATKINS, *Appellant.*

*Donald Frank Watkins,* pro se, and *George A. Finkle* and *Rosemary Bordlemay* of *Seattle–King County Public Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Michael Linnabary, Deputy,* for respondent.

WILLIAMS, J.—Donald Frank Watkins was accused, by information, of first degree assault, and convicted, in a trial to the court with a jury, of the lesser included offense, second degree assault. He appeals from the judgment entered on the verdict raising issues concerning the giving of a supplemental jury instruction and coercion of the verdict. We

affirm.

The pertinent facts are as follows: Watkins fired several shots, from a revolver, at the victim during a dispute on March 25, 1978. At a 3½-day trial, Watkins represented himself pro se, at his request,[1] and had a court appointed attorney for a legal advisor. The jury retired to deliberate around noon on a Friday and at about 5 p.m. sent the following note to the court:

> We have reached a deadlock. Is there any chance of adjourning until Monday? Some people have urgent business over the weekend. What is the normal procedure in this instance?

The court requested, through the bailiff, that deliberations continue, and shortly after 6 p.m. the jury sent another note saying: "We *must* be deadlocked. We're not even talking."

Upon receiving the second note the court informed Watkins, his legal advisor, and the prosecutor of what had transpired and suggested that new verdict forms be given to the jury. At 6:45 p.m. the court, over Watkins' objection, gave the following instruction to the jury, along with new verdict forms C and D:

> You are now being given verdict forms C and D. If the jury can agree upon the question of guilt or innocence as to either assault in the First Degree or assault in the Second Degree fill in the appropriate verdict form to express that verdict. In this process it is not necessary that you agree on assault in the First Degree before considering assault in the Second Degree. Do not use verdict forms A and B, but only verdict forms C and/or D.

Supplemental instruction No. 1. After receiving the supplemental instruction and new verdict forms, the jury again retired to deliberate and returned a verdict of second degree assault about 10 minutes later.

The first issue is whether the supplemental instruction

---

[1]Watkins was previously convicted of first degree assault as a result of the March 25, 1978, incident but that was reversed on appeal because he was not permitted to represent himself at the prior trial. *State v. Watkins,* 25 Wn. App. 358, 606 P.2d 1237, *review denied,* 93 Wn.2d 1030 (1980).

was an incorrect statement of the law because it did not require the jury to be unanimous as to Watkins' innocence for first degree assault before considering the lesser included offense, second degree assault. Watkins claims the Washington State Constitution requires that the jury unanimously agree on a defendant's innocence for the greater offense before considering the lesser included offense. Const. art 1, § 21. Supplemental instruction No. 1 reiterated the law as stated in the following instruction:

> If you are not satisfied beyond a reasonable doubt that the defendant is guilty of the crime charged, the defendant may be found guilty of any lesser crime, the commission of which is necessarily included in the crime charged, if the evidence is sufficient to establish the defendant's guilt of such lesser crime beyond a reasonable doubt.
>
> The crime of assault in the first degree necessarily includes the lesser crime of assault in the second degree.
>
> When a crime has been proven against a person and there exists a reasonable doubt as to which of two or more degrees that person is guilty, he shall be convicted only of the lower degree.

Instruction No. 10.

■ The state constitution does not require all jurors in a criminal case to agree that the higher degree of an offense was not committed before considering the lesser included offense. RCW 9A.04.100(2) provides:

> When a crime has been proven against a person, and there exists a reasonable doubt as to which of two or more degrees he is guilty, he shall be convicted only of the lowest degree.

This rule is embodied in WPIC 155.00:

> If you find the defendant guilty of the crime of [*fill in appropriate term*] but have a reasonable doubt as to which of two or more degrees of that crime the defendant is guilty, it is your duty to find the defendant not guilty [of the greater offense] and to find the defendant guilty of the [lowest] [lower] degree . . .

(Some bracketed material ours.) Because the supplemental instruction correctly stated the law, the court did not err in

giving it.

The next issue is whether the trial court coerced a verdict by giving the supplemental instruction and requiring the jury to continue deliberations after it said a deadlock existed. Watkins contends the court violated CrR 6.15(f)(2) when the jury was returned to deliberate after it insisted there was a deadlock. CrR 6.15(f)(2) states:

After jury deliberations have begun, the court shall not instruct the jury in such a way as to suggest the need for agreement, the consequences of no agreement, or the length of time a jury will be required to deliberate.

*State v. Boogaard,* 90 Wn.2d 733, 585 P.2d 789 (1978), relied upon by Watkins, does not apply because there the trial judge, after inquiring about the history of the vote, asked the foreman and each juror whether a verdict could be reached in a half hour. *Boogaard,* at 735. By contrast, the trial court in this case did not question any juror about the nature of the vote or deliberations and clarified the process of arriving at a verdict by giving the jury new verdict forms and the supplemental instruction. While the jury then quickly arrived at the verdict, there is no reasonable possibility that procedure coerced a compromise verdict of second degree assault. *See State v. McCullum,* 28 Wn. App. 145, 622 P.2d 873, *review granted,* 95 Wn.2d 1023 (1981).

Finally we have examined the issues raised in Watkins' several pro se briefs and concluded they are insubstantial.

The judgment is affirmed.

ANDERSEN, C.J., and CORBETT, J., concur.

Reconsideration denied May 19, 1982.

Review granted by Supreme Court August 27, 1982.