[Nos. 57582-7, 57606-8.   En Banc.   September 19, 1991.]

THE STATE OF WASHINGTON, *Respondent,* v. STEPHEN G. LABANOWSKI, *Petitioner.*

THE STATE OF WASHINGTON, *Respondent,* v. RONALD SHELLIE MILLER, *Petitioner.*

*Helen A. Anderson, Suzanne Lee Elliott,* and *Julie A. Kesler* of *Washington Appellate Defender Association,* for petitioners.

*Seth R. Dawson, Prosecuting Attorney for Snohomish County,* and *Seth Aaron Fine* and *Joan Cavagnaro,*

*Deputies; William H. Hawkins, Prosecuting Attorney for Island County,* for respondent.

*Mark W. Muenster* on behalf of Washington Association of Criminal Defense Lawyers, amicus curiae for petitioners.

ANDERSEN, J. —

## FACTS OF CASE

The appeals in these two criminal cases have been consolidated. Both involve the type of concluding instructions which should be given to a jury in order to structure its deliberations in cases where lesser included offense or lesser degree instructions are given.

### Labanowski Case

Defendant Stephen Labanowski was charged with second degree assault following events which occurred on May 31, 1988. The trial judge instructed the jury on both the charged crime of second degree assault and simple assault as a lesser included offense.

As more fully set forth below, the trial court instructed the jury in a manner which arguably implied that it must unanimously agree to acquit on the charged crime before it could render a verdict on the lesser offense. The defendant maintains that the instructions should have informed the jury it was allowed to reach a verdict on the lesser offense if it was unable to reach agreement on a verdict for the greater crime.

The trial court gave an instruction which stated:

> When a crime has been proven against a person and there exists a reasonable doubt as to which of two or more crimes that person is guilty, he or she shall be convicted only of the lowest crime.

Instruction 10 (part). This portion of instruction 10 is an almost verbatim restatement of a statute, RCW 9A.04-.100(2).

The trial court also gave a standard concluding instruction based upon former WPIC 155.00, 11 Wash. Prac., *Washington Pattern Jury Instructions* 565-66 (1977). This instruction (instruction 16) is the basis of the defendant Labanowski's appeal and states in pertinent part:

> You will be furnished with all of the exhibits admitted in evidence, these instructions and verdict forms A and B.
>
> You must fill in the blank provided in verdict form A the words "not guilty" or the word "guilty," according to the decision you reach.
>
> If you find the defendant guilty on verdict form A, do not use verdict form B. If you find the defendant not guilty on verdict form A, fill in the blank provided in verdict form B the words "not guilty" or the word "guilty," according to the decision you reach.
>
> If you find the defendant guilty of the crime of assault but have a reasonable doubt as to which of two or more degrees of that crime the defendant is guilty, it is your duty to find the defendant not guilty on verdict form A, and to find the defendant guilty of the lower degree on verdict form B.
>
> Since this is a criminal case, all twelve of you must agree for you to return a verdict. When all of you have so agreed, fill in the proper form of verdict or verdicts to express your decision.

Instruction 16 (part).

Defense counsel excepted to instruction 16 and instead proposed an instruction which stated in relevant part:

> You will be furnished with all of the exhibits admitted into evidence, these instructions and two verdict forms, A and B.
>
> When completing the verdict forms, you will first consider the crime of assault in the second degree as charged. If you unanimously agree on a verdict, you must fill in the blank provided in verdict form A the words "not guilty" or the word "guilty," according to the decision you reach.
>
> If you find the defendant guilty on verdict form A, do not use verdict form B. If you find the defendant not guilty of the crime of assault in the second degree, *or if after full and careful consideration of the evidence you cannot agree on that crime*, you will consider the lesser crime of simple assault. If you unanimously agree on a verdict, you must fill in the

blank provided in verdict form B the words "not guilty" or the word "guilty," according to the decision you reach.

Since this is a criminal case, each of you must agree for you to return a verdict. When all of you have so agreed, fill in the proper form of verdict or verdicts to express your decision.

(Italics ours.) This proposed instruction was based upon revised WPIC 155.01, 11 Wash. Prac., *Washington Pattern Jury Instructions* 330-31 (Supp. 1986). Defense counsel argued to the trial court that the trial court's instruction 16 was a "pre-*State v. Watkins*" retiring instruction.[1] The State argued that revised WPIC 155.01 misinterpreted *State v. Watkins*, 99 Wn.2d 166, 660 P.2d 1117 (1983) and that the unrevised form of the WPIC correctly stated the law in Washington.

The trial court rejected the defendant's proposed instruction based upon revised WPIC 155.01 and instead gave the former version of the WPIC. It noted, however, that the verdict forms given allowed the defense to argue its view that the jury may consider the lesser offense before it makes a decision in regard to the greater.

The trial court supplied the jury with verdict forms A and B, which read in part:

Verdict Form A
We, the jury, find the defendant Stephen G. Labanowski

_____
(write in not guilty or guilty)
of the crime of Assault in the Second Degree as charged.

Verdict Form B
We, the jury, having found the defendant Stephen G. Labanowski not guilty of the crime of Assault in the Second Degree as charged, *or being unable to unanimously agree as to that charge*, find the defendant

_____
(write in not guilty or guilty)
of the lesser included crime of Simple Assault.

(Italics ours.)

---

[1] *State v. Watkins*, 99 Wn.2d 166, 660 P.2d 1117 (1983).

The defendant Labanowski was convicted of assault in the second degree as charged. In his appeal to the Court of Appeals, he argued that the trial court erred in giving instruction 16 because that instruction implied to the jury that it must unanimously agree on a verdict of not guilty to the greater charge (second degree assault) before it could consider the lesser offense (simple assault). The Court of Appeals held that the instruction did not foreclose "consideration" of the lesser charge prior to rendering a verdict on the greater one and declined to answer the question whether a jury may *render a verdict* on a lesser charge prior to reaching a unanimous not guilty verdict on the greater charge. *State v. Labanowski*, 58 Wn. App. 860, 867, 795 P.2d 176, *review granted*, 115 Wn.2d 1027 (1990). The Court of Appeals further observed that the structuring of jury deliberations is a complicated issue which has engendered a variety of approaches in other jurisdictions.

### Miller Case

On June 2, 1985, the defendant Ronald S. Miller shot and killed his estranged wife's boyfriend. He was charged with, and pleaded guilty to, the crime of premeditated murder in the first degree. In a 1988 decision, this court allowed him to withdraw his guilty plea because he had been misinformed as to the potential sentence.[2]

At Mr. Miller's subsequent trial, the trial judge instructed the jury on murder in the first degree, as charged, and on the lesser crimes of murder in the second degree and manslaughter. Although the defendant Miller admitted killing the victim, he contended he did not intend or premeditate the death. In the concluding instruction (instruction 17) in that case, the trial judge instructed the jury based upon WPIC 155.00 in its unrevised form, 11 Wash. Prac., *Washington Pattern Jury Instructions* 565-66 (1977).

---

[2]*State v. Miller*, 110 Wn.2d 528, 756 P.2d 122 (1988).

The portion of instruction 17 which is the basis for the Miller appeal states:

> You will be furnished with all of the exhibits admitted in evidence, these instructions and verdict forms A, B, and C.
>
> You must fill in the blank provided in each verdict form the words "not guilty" or the word "guilty", according to the decision you reach.
>
> If you find the defendant guilty on verdict form A, do not use verdict forms B or C. If you find the defendant not guilty on verdict form A, fill in the blank provided in verdict form B the words "not guilty" or the word "guilty" according to the decision you reach.
>
> If you find the defendant guilty on verdict form B, do not use verdict form C. If you find the defendant not guilty on verdict form B, fill in the blank provided in verdict form C the words "not guilty" or the word "guilty" according to the decision you reach.
>
> If you believe the defendant is guilty beyond a reasonable doubt of the crime of either murder in the first degree, murder in the second degree, or manslaughter in the first degree but have a reasonable doubt as to which of the crimes the defendant is guilty, it is your duty to find the defendant not guilty on verdict form A and to find the defendant guilty of a lower degree on verdict form B or C; and if you believe the defendant guilty beyond a reasonable doubt of the crime of either murder in the second degree or manslaughter in the first degree but have a reasonable doubt as to which of those crimes the defendant is guilty, it is your duty to find the defendant not guilty on verdict form B and to find the defendant guilty of a lower degree on verdict form C.
>
> Since this is a criminal case, all twelve of you must agree for you to return a verdict. When all of you have so agreed, fill in the proper form of a verdict or verdicts to express your decision.

Instruction 17 (part).

Defense counsel excepted to this instruction on the basis that under it the jury could not return a verdict on one of the lesser offenses until it either unanimously found the defendant not guilty of murder in the first degree or until the trial judge declared the jury deadlocked on the charged crime. The trial judge opined that *State v. Taylor*, 109 Wn.2d 438, 745 P.2d 510 (1987) pro-

hibits a jury from delivering a verdict on a lesser offense until it has reached unanimity on a greater charge.

Defense counsel had proposed that the following instruction (part) be given in lieu of the trial court's instruction 17:

> You will be furnished with all of the exhibits admitted into evidence, these instructions, and three verdict forms A and B and C.
>
> When completing the verdict forms, you will first consider the crime of murder in the first degree as charged. If you unanimously agree on a verdict, you must fill in the blank provided in verdict form A the words "not guilty" or the word "guilty," according to the decision you reach.
>
> If you find the defendant guilty on verdict form A, do not use verdict form B or C. If you find the defendant not guilty of the crime of murder in the first degree *or if after full and careful consideration of the evidence you cannot agree on that crime*, you will consider the lesser crime of murder in the second degree. If you unanimously agree on a verdict, you must fill in the blank provided in verdict form B the words "not guilty" or the word "guilty," according to the decision you reach.
>
> If you find the defendant guilty on verdict form B, do not use verdict form C. If you find the defendant not guilty of the crime of murder in the second degree, *or if after full and careful consideration of the evidence you cannot agree on that crime* you will consider the lesser crime of manslaughter in the first degree. If you unanimously agree on a verdict, you must fill in the blank provided in verdict form C the words "not guilty" or the word "guilty," according to the decision you reach.
>
> Since this is a criminal case, each of you must agree for you to return a verdict. When all of you have so agreed, fill in the appropriate verdict form to express your decision.

(Italics ours.) This proposed defense instruction is essentially[3] based upon WPIC 155.01 as revised after *State v. Watkins*, 31 Wn. App. 485, 643 P.2d 465 (1982), *aff'd*, 99 Wn.2d 166, 660 P.2d 1117 (1983). 11 Wash. Prac., *Washington Pattern Jury Instructions* 330-31 (Supp. 1986).

---

[3]Miller's proposed instruction cited "WPIC 155.00" as authority, but it omitted a portion of WPIC 155.00 and is based upon WPIC 155.01 (revised).

The trial court supplied the *Miller* jury with three verdict forms, one for murder in the first degree (form A), one for murder in the second degree (form B) and one for manslaughter (form C). Verdict form B stated:

> Verdict Form B
> We, the jury, find the defendant RONALD S. MILLER, not guilty of the crime of murder in the first degree, as charged, and find the defendant,
>
> _____,
> (write in "not guilty" or "guilty")
> of the crime of murder in the second degree.

This form is based on former WPIC 180.05, 11 Wash. Prac., *Washington Pattern Jury Instructions* 577 (1977).

Defense counsel instead proposed a revised verdict form B which stated:

> We, the jury, having found the defendant Ronald S. Miller not guilty of the crime of murder in the first degree as charged, *or being unable to unanimously agree as to that charge*, find the defendant _____ of the crime of murder in the second degree.

(Italics ours.) This form was based upon revised WPIC 180.05. 11 Wash. Prac., *Washington Pattern Jury Instructions* 336 (Supp. 1986).

The trial court in *Miller* also gave an instruction 10 which was basically the same as instruction 10 given in *Labanowski*. It informed the jury as follows:

> When a crime has been proven against a person and there exists a reasonable doubt as to which of two or more degrees or crimes that person is guilty, he or she shall be convicted only of the lowest degree of crime.

Instruction 10 (part).

The jury found the defendant Miller guilty of murder in the first degree. On appeal, the defendant argued an evidentiary issue as well as the claimed instructional error issue. In an unpublished opinion by a divided court, the Court of Appeals affirmed the conviction and held that since the jury could *consider* all lesser included offenses before rendering a verdict on the greater offense

the instructions were not erroneous. As in *Labanowski*, the Court of Appeals in *Miller* declined to decide whether a jury should be *allowed* to return a verdict on a lesser offense prior to reaching unanimity on the crime charged. The defendant Miller has abandoned the evidentiary issue in this court and argues that the trial court erred when it instructed the jury that it must unanimously acquit the defendant of the crime charged before it could render a verdict on the lesser offenses.

Both of these appeals present us with one basic issue.

## ISSUE

How should a trial court instruct a jury with regard to its deliberations and its ability to render verdicts on various charges in cases where the jury is instructed on both a charged offense and lesser included offenses or lesser degrees of the charged offense? Further in this connection, is it reversible error to give jury instructions that imply the jury must unanimously acquit a defendant of the greater offense before it may render a verdict on a lesser included offense or a lesser degree of the charged offense?

## DECISION

CONCLUSION. When a jury is instructed on lesser included or lesser degrees of charged crimes, it should also be instructed that it is to first consider the crime charged and if after full and careful consideration of the evidence it cannot agree on a verdict as to that crime, it may then proceed to arrive at a verdict on a lesser crime. It is not reversible error, however, to have given the traditional jury instruction which arguably requires jury unanimity on the charged crime prior to allowing the jury to render a verdict on a lesser crime. After the date of this opinion, however, the proper instruction to the jury will allow

it to render a verdict on a lesser crime if it is unable to agree on the charged crime.

Initially, we note that the Court of Appeals decisions in the two cases now before us addressed the issue of whether these instructions precluded *consideration* of the lesser offense before reaching a verdict on the charged offense. However, the real unanswered question is whether a jury may render a verdict on the lesser offense if it cannot reach unanimity on the greater offense. We agree with the Court of Appeals that in both of these cases it is apparent from the instructions given that the jury could "consider" (discuss) the lesser offenses before rendering a verdict on the charged offense. The answer to the question whether a jury should be allowed to return a verdict on a lesser offense when unable to agree on a verdict for the greater is not clear from prior Washington decisions.

In 1982, the Court of Appeals decided *State v. Watkins,* 31 Wn. App. 485, 643 P.2d 465 (1982), *aff'd,* 99 Wn.2d 166, 660 P.2d 1117 (1983). In Watkins' trial, the jury had sent the judge a note saying it was deadlocked. The trial judge, over defense objection, instructed the jury that if it could agree on either of the offenses, it could fill in the appropriate verdict form and that it was *not* necessary that the jurors agree on the charged offense before considering the lesser offense. The jury then promptly found the defendant guilty of the lesser offense. On appeal, Watkins argued that our state constitution required jury unanimity on a defendant's innocence of the charged offense before a verdict on the lesser offense could be rendered. The Court of Appeals held that the Constitution of the State of Washington did not require all jurors to agree that the defendant was innocent of the higher degree of

an offense before considering a lesser offense and that the instruction given was correct. That court also discussed whether the trial court coerced a verdict by requiring continued deliberations after the jury reported a deadlock on the greater offense and found no coercion.

In a unanimous opinion, this court affirmed the Court of Appeals in *State v. Watkins*, 99 Wn.2d 166, 660 P.2d 1117 (1983), and in so doing focused primarily on whether the trial court's subsequent instruction improperly coerced a verdict. However, in this court's opinion it was also stated as follows:

> Verdict form B is clearly susceptible to the interpretation that the jury must agree on a verdict of not guilty of first degree assault before considering second degree assault. The supplemental instruction merely informs the jurors that *this was not the intended meaning of the verdict form*.

(Italics ours.) *Watkins*, 99 Wn.2d at 178. The conviction on the lesser offense was thereupon affirmed.

After the *Watkins* opinions, the published Washington pattern jury instructions were revised to provide that a jury could render a verdict on a lesser offense if the jury *either* was unanimous on innocence of the greater offense or was *unable to unanimously agree on a verdict for the greater offense*.[4]

Four years after this court's decision in *Watkins*, we decided *State v. Taylor*, 109 Wn.2d 438, 745 P.2d 510 (1987). At the trial of that case, the jury initially attempted to return a verdict of not guilty on the charged offense based on its inability to come to a unanimous decision and a verdict of guilty on two lesser included offenses. During polling, two jurors indicated that although the verdict was that of the jury as a whole, it was not the personal verdict of those two jurors. The trial court, therefore, rejected the verdicts and instructed the jury to continue to deliberate on the greater charged

---

[4]WPIC 155.00, 155.01 and the verdict forms in WPIC 180.05, .06, .07, .08, 11 Wash. Prac., *Washington Pattern Jury Instructions* 327-31, 336-40 (Supp. 1986).

offense. The jury then returned a guilty verdict on the greater crime. Relying on *Watkins,* the petitioner, Taylor, argued that Washington law permits a jury to render a verdict on a lesser included offense when it cannot reach unanimity on the greater offense. The *Taylor* majority, at 442, stated that "[w]hatever the merits of this contention, petitioner misperceives the issue", then went on to focus on whether or not jury deliberations were complete at the time of the initial verdict. In *Taylor,* we specifically declined to consider the issue of whether a jury may render a verdict on a lesser offense when it is unable to agree on the greater offense.

It was not our intent in *Taylor* to indicate that a jury must be unanimous on a verdict of not guilty of the greater offense before it is allowed to render a verdict on a lesser offense. The *Taylor* decision did not consider and announce a better rule for concluding instructions to the jury; it merely indicated that the "acquittal first" type of instruction was not wrong as a matter of law. To the extent that *Taylor* may be inconsistent with our present opinion, it is disapproved.

We recognize that our prior case law has not made clear how a trial judge should instruct a jury regarding its ability to render a verdict on a lesser offense when it is unable after due deliberation to agree on a verdict for the greater offense. In deciding this issue, it is helpful to consider authority from other jurisdictions.

This issue has provoked a number of differing views in other jurisdictions.[5] The kind of instruction which is here being challenged has variously been called a "concluding instruction", a "transition instruction", a "retiring instruc-

---

[5]*See* Craig, *Improving Jury Deliberations: A Reconsideration of Lesser Included Offense Instructions,* 16 U. Mich. J.L. Ref. 561, 566 (1982-1983); State v. Wussler: *An Unfortunate Change in Arizona's Lesser-Included Offense Jury Instruction,* 27 Ariz. L. Rev. 515, 518-19 (1985); *Criminal Procedure — Recognizing the Jury's Province To Consider the Lesser Included Offense:* State v. Ogden, 58 Or. L. Rev. 572, 575 (1979-1980); Ettinger, *In Search of a Reasoned Approach to the Lesser Included Offense,* 50 Brooklyn L. Rev. 191, 223 (1984).

tion" and a "progression charge". By whatever name, this type of instruction is the one which essentially informs the jury what the proper procedures are when considering lesser included offenses to a charged crime or lesser degrees of a charged crime.

In such situations, most jurisdictions give either an "acquittal first" instruction, or an "unable to agree"[6] instruction or else allow either the trial court or the defendant to select one or the other of those two types of instructions.

In an "acquittal first" instruction, the jury is told that if it is unanimously in favor of acquittal on the greater charge, it should proceed to render a verdict on the lesser charge. Under such an instruction, a jury would not be allowed to return a verdict on a lesser offense until it had unanimously agreed that the defendant was innocent of the greater offense. Many jurisdictions follow the "acquittal first" rule.[7]

---

[6]This is sometimes known as the "reasonable efforts" instruction because it directs the jury to make reasonable efforts to reach a verdict on the greater offense before considering the lesser. *Jones v. United States*, 544 A.2d 1250, 1252 (D.C. App. 1988).

[7]*See, e.g., Dresnek v. State*, 697 P.2d 1059, 1064 (Alaska Ct. App.) (allows jurors to deliberate on greater and lesser in any order but prohibits returns on verdicts on lesser offenses without first returning a verdict on the greater offense), *aff'd*, 718 P.2d 156 (Alaska 1985), *cert. denied sub nom. Spierings v. Alaska*, 479 U.S. 1021, 93 L. Ed. 2d 729, 107 S. Ct. 679 (1986); *State v. Wussler*, 139 Ariz. 428, 430, 679 P.2d 74, 76 (1984) (and cases cited therein) (noting that many jurisdictions approve instructions that require acquittal of the charged offenses before the jury considers lesser offenses); *People v. Kurtzman*, 46 Cal. 3d 322, 324, 758 P.2d 572, 250 Cal. Rptr. 244, 245 (1988) (a jury may not return a verdict on a lesser offense until it has unanimously agreed to a verdict of not guilty on the greater crime charged, but it may consider or discuss the lesser offenses before verdict on the greater); *State v. Van Dyken*, 242 Mont. 415, 433, 791 P.2d 1350, 1361 (even if defendant requests an "unable to agree" instruction, the "acquittal first" instruction is proper), *cert. denied,* ___ U.S. ___, 112 L. Ed. 2d 251, 111 S. Ct. 297 (1990); *People v. Boettcher*, 69 N.Y.2d 174, 183, 505 N.E.2d 594, 598, 513 N.Y.S.2d 83 (1987) (lesser included offenses are to be considered only upon reaching a unanimous verdict of not guilty of greater offense); *Commonwealth v. Hart*, 388 Pa. Super. 484, 495, 565 A.2d 1212, 1217 (1989) (progression instruction properly instructs an accused should not be convicted of manslaughter unless first acquitted of murder charge), *appeal*

The primary policy reason underlying "acquittal first" instructions appears to be the fear that unless required to be unanimous on the greater charged offense, juries will engage in compromise verdicts. New York courts, for example, have held that "unable to agree" instructions ignore the jury's duty not to reach compromise verdicts based on sympathy for defendants or to appease holdout jurors.[8]

Although there is considerable authority for the proposition that the "acquittal first" instruction is not wrong as a matter of law and does not constitute an invasion of an accused's constitutional rights, it has been widely criticized as a method of structuring jury deliberations and has accordingly been rejected in a number of jurisdictions.

The "unable to agree" type of instruction allows a jury to return a verdict on a lesser offense if after full and careful consideration of the evidence it is unable to reach unanimous agreement on the greater charge. A number of jurisdictions have adopted this rule.[9]

---

*denied*, 525 Pa. 642, 581 A.2d 569 (1990); *United States v. Moccia*, 681 F.2d 61, 64 (1st Cir. 1982) (well established rule that a jury should not consider lesser offense until a determination of not guilty is reached on primary charge); 1 E. Devitt & C. Blackmar, *Federal Jury Practice and Instructions* § 18.05 (3d ed. 1977).

[8]*Boettcher*, 69 N.Y.2d at 183, 505 N.E.2d at 597. *See also Van Dyken*, 242 Mont. at 433, 791 P.2d at 1361.

[9]*See, e.g., State v. Ferreira*, ___ Hawaii App. ___, 791 P.2d 407 (1990) (rejecting both the "acquittal first" rule and the right of a defendant to elect between the two kinds of instructions and holding the jury should consider the defendant's guilt of lesser included offenses if unable to agree on guilt of the offense charged); *People v. Handley*, 415 Mich. 356, 329 N.W.2d 710 (1982) (after the date of the opinion, juries should be told to consider the principal charge first and if unable to agree, should turn to the lesser offenses); *State v. Thomas*, 40 Ohio St. 3d 213, 533 N.E.2d 286 (1988) (jury that is unable to agree after first considering a greater charge can nonetheless consider the lesser charges), *cert. denied*, 493 U.S. 826, 107 L. Ed. 2d 54, 110 S. Ct. 89 (1989); *State v. Allen*, 301 Or. 35, 717 P.2d 1178 (1986) (although "acquittal first" instruction was the rule in Oregon for 75 years, the court found it to be reversible error and adopted the "unable to agree" rule). *See also* cases cited in *People v. Kurtzman*, 46 Cal. 3d at 333, 250 Cal. Rptr. at 251 n.10.

The rationale underlying the "unable to agree" instruction rule is twofold. First, this rule allows the jury to correlate more closely the criminal acts with the particular criminal conviction.[10] Second, it promotes the efficient use of judicial resources; where unanimity is required, the refusal of just one juror to acquit or convict on the greater charge prevents the rendering of a verdict on the lesser charge and causes a mistrial even in cases where the jury would have been unanimous on a lesser offense. Retrials, necessitated by hung juries, are burdensome to defendants, victims, witnesses and the court system itself. Successive trials can burden a defendant while allowing the State to benefit from "dress rehearsals".[11] Additionally, structuring the jury's deliberations to unnecessarily increase the likelihood of hung juries places an enormous financial strain on an already heavily burdened criminal justice system. A second trial exacts a heavy toll on both society and defendants by helping to drain state treasuries, crowding court dockets, and delaying other cases while also jeopardizing the interests of defendants due to the emotional and financial strain of successive defenses.[12]

The defendants argue that we should adopt a rule which allows the defendant to elect between an "acquittal first" and an "unable to agree" instruction. Some jurisdictions have adopted such a rule. Following the lead of the Second Circuit, several federal circuits have held that although neither the "acquittal first" nor the "unable to agree" instruction is wrong as a matter of law, the defendant should be allowed to timely elect which of these types of instruction the defendant prefers. Under that

---

[10]Koenig, *The Many Headed Hydra of Lesser-Included Offenses: A Herculean Task for the Michigan Court*, 1 Det. C.L. Rev. 41, 52 (1975); *see also State v. Parker*, 102 Wn.2d 161, 683 P.2d 189 (1984).

[11]*Whiteaker v. State*, 808 P.2d 270, 276 (Alaska Ct. App. 1991); *Stone v. Superior Court*, 31 Cal. 3d 503, 515, 646 P.2d 809, 817, 183 Cal. Rptr. 647 (1982).

[12]Craig, 16 U. Mich. J.L. Ref. at 564.

rule, in the absence of such an election, the trial court may give the instruction it prefers.

In an often cited case, *United States v. Tsanas*, 572 F.2d 340 (2d Cir.), *cert. denied*, 435 U.S. 995, 56 L. Ed. 2d 84, 98 S. Ct. 1647 (1978), Judge Friendly, in his opinion for the Second Circuit, discussed the two ways of instructing a jury concerning its deliberations on lesser offenses; he then concluded that the trial court could give the instruction it prefers if the defendant expresses no choice, but should give the one the defendant prefers if a seasonable election is made. *Tsanas* explained the advantages and disadvantages for both the prosecution and the defense in the two types of instructions:

> The ["acquittal first"] instruction . . . has the merit, from the Government's standpoint, of tending to avoid the danger that the jury will not adequately discharge its duties with respect to the greater offense, and instead will move too quickly to the lesser one. From the defendant's standpoint, it may prevent any conviction at all; a jury unable either to convict or acquit on the greater charge will not be able to reach a lesser charge on which it might have been able to agree. But it entails disadvantages to both sides as well: By insisting on unanimity with respect to acquittal on the greater charge before the jury can move to the lesser, it may prevent the Government from obtaining a conviction on the lesser charge that would otherwise have been forthcoming and thus require the expense of a retrial. It also presents dangers to the defendant. If the jury is heavily for conviction on the greater offense, dissenters favoring the lesser may throw in the sponge rather than cause a mistrial that would leave the defendant with no conviction at all, although the jury might have reached sincere and unanimous agreement with respect to the lesser charge.
>
> An instruction permitting the jury to move on to the lesser offense if after all reasonable efforts it is unable to reach a verdict on the greater likewise has advantages and disadvantages to both sides — the mirror images of those associated with the charge actually given here. It facilitates the Government's chances of getting a conviction for something, although at the risk of not getting the one that it prefers. And it relieves the defendant of being convicted on the greater charge just because the jury wishes to avoid a mistrial, but at the risk of a conviction on the lesser charge which might not have occurred if the jury, by being unable to

agree to acquit on the greater, had never been able to reach the lesser.

(Footnote omitted.) *Tsanas*, 572 F.2d at 346.

The Eighth Circuit in adopting the *Tsanas* election rule, also added that an error with regard to which of the instructions is given is *not* of constitutional magnitude. *Catches v. United States*, 582 F.2d 453, 459 (8th Cir. 1978). While the Ninth Circuit has also adopted the *Tsanas* rule in *United States v. Jackson*, 726 F.2d 1466 (9th Cir. 1984), it too had previously held that the *Tsanas* election rule is *not* of constitutional dimension.[13] *Jackson* held that either type of instruction could be given if the defendant failed to make a timely election.

Yet other jurisdictions have expressly rejected the *Tsanas* election rule.[14] In rejecting it, one court explained that such a decision should be based on legislative or judicial policy and not on a particular defendant's or a particular trial court's discretion.[15] We agree.

We decline defendants' invitation to adopt the *Tsanas* rule in the State of Washington for several reasons. It gives little attention to considerations of judicial economy in that if a defendant elects the "acquittal first" instruction any jury disagreement on the greater charge will result in a mistrial even when the jury may have been unanimous on one of the lesser charges. Additionally, as at least one judge has observed, the election rule is an open invitation for appeal based upon an argument of ineffective assistance of counsel whenever a conviction occurs in a case where one or the other transitional charge is selected.[16] It would be anomalous if some juries

---

[13]*United States v. Harvey*, 701 F.2d 800, 806 (9th Cir. 1983).

[14]*See, e.g., People v. Boettcher*, 69 N.Y.2d 174, 183, 505 N.E.2d 594, 597, 513 N.Y.S.2d 83 (1987); *State v. Van Dyken*, 242 Mont. 415, 433, 791 P.2d 1350, 1361, *cert. denied*, ___ U.S. ___, 112 L. Ed. 2d 251, 111 S. Ct. 297 (1990); *People v. Kurtzman*, 46 Cal. 3d 322, 334, 758 P.2d 572, 250 Cal. Rptr. 244 (1988).

[15]*State v. Ferreira*, ___ Hawaii App. ___, 791 P.2d 407, 409 (1990).

[16]*State v. Duff*, 150 Vt. 329, 339, 554 A.2d 214, 220 (1988) (Barney, C.J., concurring).

were locked into a forced pattern of jury deliberations and foreclosed from rendering a verdict on a lesser offense while others were not so fettered, where this was based simply on a particular defendant's or trial court's individual preference.[17] An "acquittal first" instruction is also likely to result in unnecessarily hung juries and consequent mistrials which burden both defendants and the criminal justice system.

██ Based on the foregoing discussion, we conclude as follows: the revised pattern jury instructions[18] which are "unable to agree" types of instructions, correctly state the law in Washington. In the future, a jury should be allowed to render a verdict on a lesser offense if it is unable to reach agreement on the greater offense. However, the giving of the traditional concluding instruction which is essentially an "acquittal first" type of instruction[19] is not reversible error.

The defendants' arguments that the "acquittal first" instruction violates a constitutional right do not withstand scrutiny. Defendants argue that an "acquittal first" instruction has a significant impact on a defendant's right to trial by jury and on the reasonable doubt standard. Numerous cases, however, have held that the "acquittal first" instruction does not impinge on a defendant's constitutional rights.[20] Several Washington decisions also

---

[17]*See Kurtzman*, 46 Cal. 3d at 330, 250 Cal. Rptr. at 249.

[18]WPIC 155.00 (or WPIC 155.01), 11 Wash. Prac., *Washington Pattern Jury Instructions* 327-31 (Supp. 1986).

[19]WPIC 155.00 (or WPIC 155.01), 11 Wash. Prac., *Washington Pattern Jury Instructions* 565-66 (1977).

[20]*United States v. Tsanas*, 572 F.2d 340, 346 (2d Cir.) (neither the "acquittal first" nor the "unable to agree" instruction is wrong "as a matter of law"), *cert. denied*, 435 U.S. 995, 56 L. Ed. 2d 84, 98 S. Ct. 1647 (1978). *Accord, Wright v. United States*, 588 A.2d 260, 262 (D.C. 1991). *United States v. Moccia*, 681 F.2d 61, 64 (1st Cir. 1982) (the well established rule of requiring unanimity on the greater offense does not violate due process). *Accord, People v. Zwiers*, 191 Cal. App. 3d 1498, 1503, 237 Cal. Rptr. 123, 126 (1987). *Catches v. United States*, 582 F.2d 453, 459 (8th Cir. 1978) (adopting the *Tsanas* election rule, but holding that

have refused to find reversible error where a trial court gave what was essentially an "acquittal first" type of instruction.[21] We conclude that neither the "acquittal first" nor the "unable to agree" type of instruction is erroneous as a matter of law. As discussed above, each type of instruction has potential advantages and disadvantages for both the prosecution and the defense.

We also conclude that the better type instruction, however, is that approved in *State v. Watkins*, 99 Wn.2d 166, 660 P.2d 1117 (1983) and incorporated in revised WPIC 155.00 (and WPIC 155.01) which allows a jury to render a verdict on a lesser offense either if the jurors find the defendant not guilty of the greater offense or, if after full and careful consideration of the evidence, the jurors cannot agree on a verdict for the greater offense. The widely accepted rule that the jury should be instructed to first consider the greater offense adequately insures that the jury will give due attention to the crime charged. Such an instruction insures that a jury will not be prevented from entering a verdict which it has determined to be correct, and avoids the potential burdens and expenses of unnecessary mistrials.

The State argues that an "unable to agree" instruction should be given *only* after a deadlock on the greater crime is declared by the trial court. In our view, this is not the preferred way to instruct a jury. Although we have held such trial court intervention is not error as a matter of law,[22] the jury is less likely to construe this instruction as

the refusal to give the defendant's requested "unable to agree" instruction was not of constitutional magnitude). *See also United States v. Harvey*, 701 F.2d 800, 806 (9th Cir. 1983); *Pharr v. Israel*, 629 F.2d 1278, 1282 (7th Cir. 1980) (an "acquittal first" instruction does not violate either due process or the right to trial by jury), *cert. denied*, 449 U.S. 1088, 66 L. Ed. 2d 815, 101 S. Ct. 880 (1981). See also cases cited in footnote 7 of this opinion.

[21]*State v. Krup*, 36 Wn. App. 454, 676 P.2d 507, *review denied*, 101 Wn.2d 1008 (1984); *State v. Hightower*, 36 Wn. App. 536, 676 P.2d 1016, *review denied*, 101 Wn.2d 1013 (1984); *State v. Despenza*, 38 Wn. App. 645, 689 P.2d 87, *review denied*, 103 Wn.2d 1005 (1984).

[22]*See State v. Taylor*, 109 Wn.2d 438, 442, 745 P.2d 510 (1987).

a judge's preference if it is given before deliberations begin.[23] Nor do we consider it an invasion of the trial court's duty to declare a deadlock for a jury to be allowed to determine for itself that it cannot reach a unanimous decision on the greater offense and to move on to rendering a verdict on a lesser offense on which it has been instructed.

In *Labanowski*, verdict form B (quoted above) allowed the jury to reach its verdict on simple assault even if it was unable to agree on the charged offense of second degree assault. The somewhat ambiguous directions in instruction 16 did not contradict that clear directive. We perceive no prejudicial error in that regard and affirm the conviction in that case.

In *Miller*, the instruction, verdict form and deputy prosecutor's argument arguably indicated to the jury that it should be unanimous on the charge of murder in the first degree before completing the verdict forms for murder in the second degree or manslaughter. Even if that was how the jury understood those instructions, the giving of unrevised WPIC 155 does not justify reversal of the conviction since the traditional "acquittal first" instruction is not wrong as a matter of law. We do, however, hold that in the future the "unable to agree" instruction as expressed in revised WPIC 155.00 (and WPIC 155.01)[24] are the proper instructions.

The convictions are affirmed.

UTTER, BRACHTENBACH, DOLLIVER, DURHAM, SMITH, GUY, and JOHNSON, JJ., concur.

DORE, C.J., concurs in the result.

Reconsideration denied October 16, 1991.

---

[23]*See* CrR 6.15(f)(2).

[24]11 Wash. Prac., *Washington Pattern Jury Instructions* 327-31 (Supp. 1986).