[No. 52195-1-I.   Division One.   June 28, 2004.]

THE STATE OF WASHINGTON, *Appellant*, v. ROY BERNARD LINTON, *Respondent*.

*Janice E. Ellis, Prosecuting Attorney*, and *Seth A. Fine, Deputy*, for appellant.

*Dana M. Nelson* (of *Nielsen, Broman & Koch, P.L.L.C.*), for respondent.

APPELWICK, J. — Roy Linton was charged with first degree assault. The jury was unable to agree that he had committed first degree assault and rendered a verdict finding Linton guilty of second degree assault. The trial court denied a retrial on the first degree assault charge on the grounds that it would expose Linton to double jeopardy. We affirm.

## FACTS

Linton was charged with one count of first degree assault and one count of robbery following his assault of Clancy Rueb.[1] The trial judge instructed the jury on first degree assault and on second degree assault as a lesser included offense.

On Friday, February 21, 2003, after approximately 3 hours and 40 minutes of deliberations, the jury submitted to the trial court the following query:

> We have come to a vote of 11 to 1 for 1st degree assault. According to rule # 14, do we have to submit a guilty verdict to 2nd degree assault or are we a hung jury on 1st degree assault? We are unanimous that there was an assault. Some will not agree to assault # 2 vs. # 1.

On Monday, February 24, the trial court instructed the jury to reread jury instruction 23, which stated in relevant part:

> You will next consider the crime of Assault in the First Degree as charged in Count II. If you unanimously agree on a verdict, you must fill in the blank provided in verdict form B the words "not guilty" or the word "guilty," according to the decision you reach. If you cannot agree on a verdict, do not fill in the blank provided in verdict form B.
>
> If you find the defendant guilty on verdict form B, do not use verdict form C. If you find the defendant not guilty of the crime of Assault in the First Degree, or if after full and careful consideration of the evidence you cannot agree on that crime, you will consider the lesser crime of Assault in the Second Degree. If you unanimously agree on a verdict, you must fill in the blank provided in verdict form C the words "not guilty" or the word "guilty," according to the decision you reach. . . .

Approximately one hour later, the jury returned a verdict finding Linton guilty of second degree assault.

The trial court dismissed the jury with Linton's consent. Linton was sentenced to an exceptional sentence on the

---

[1] Linton was acquitted of robbery.

second degree assault verdict.[2] The State filed a motion for a retrial on grounds that the jury had deadlocked on the first degree assault charge. Following a hearing on the issue of a retrial, the trial court denied the State's request for a retrial. The State appeals.

## ANALYSIS

The fifth amendment to the United States Constitution states, "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb . . . ." The double jeopardy clause of the Washington Constitution, article I, section 9, states that "[n]o person shall [be subject for the same offense] or be twice put in jeopardy for the same offense."

> A comparison of the provisions found in the United States constitution and our state constitution with regard to double jeopardy, reveals that the two are identical in thought, substance, and purpose. In a series of cases commencing with *State v. Vance*, 29 Wash. 435, 70 Pac. 34 (1902), this court has adhered to the rule that where the language of the state constitution is similar to that of the Federal constitution, the language of the state constitutional provision should receive the same definition and interpretation as that which has been given to the like provision in the Federal constitution by the United States [S]upreme [C]ourt.

*State v. Schoel*, 54 Wn.2d 388, 391, 341 P.2d 481 (1959). Thus, the double jeopardy clause of the state constitution, like its counterpart in the United States Constitution, offers several related protections:

> "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 23 L. Ed. 2d 656, 89 S. Ct. 2072 (1969), *overruled on other grounds in Alabama v. Smith*, 490 U.S. 794,

---

[2] The standard sentence range for first degree assault is three to nine months. The trial court sentenced Linton to 27 months' incarceration.

104 L. Ed. 2d 865, 109 S. Ct. 2201 (1989). It also protects the defendant's "valued right to have his trial completed by a particular tribunal." *United States v. DiFrancesco*, 449 U.S. 117, 128, 66 L. Ed. 2d 328, 101 S. Ct. 426 (1980) (quoting *Arizona v. Washington*, 434 U.S. 497, 503, 54 L. Ed. 2d 717, 98 S. Ct. 824 (1978) (quoting *Wade v. Hunter*, 336 U.S. 684, 689, 93 L. Ed. 974, 69 S. Ct. 834 (1949))). "[T]he protection of the Double Jeopardy Clause by its terms applies only if there has been some event, such as an acquittal, which terminates the original jeopardy." *Richardson v. United States*, 468 U.S. 317, 325, 82 L. Ed. 2d 242, 104 S. Ct. 3081 (1984). Not only is retrial precluded under the double jeopardy provision of the Fifth Amendment in an appropriate case, but the government's appeal of a judgment of acquittal is similarly barred. *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 51 L. Ed. 2d 642, 97 S. Ct. 1349 (1977).

*State v. Kirk*, 64 Wn. App. 788, 791, 828 P.2d 1128 (1992).

The State maintains that because the jury deadlocked on Linton's first degree assault charge, they are entitled to retry him on that charge. We disagree.

Generally, "constitutional double jeopardy provisions do not bar retrial following a mistrial granted because a jury was unable to reach a verdict." *State v. Ahluwalia*, 143 Wn.2d 527, 538, 22 P.3d 1254 (2001) (citing *Arizona*, 434 U.S. at 505); *Richardson*, 468 U.S. at 324. However, there are exceptions to this rule.

In *State v. Anderson*, 96 Wn.2d 739, 638 P.2d 1205, *cert. denied*, 459 U.S. 842 (1982), our Supreme Court held that where a conviction is reversed and remanded for a new trial, provided that the reversal was not based upon insufficiency of the evidence, "the defendant may be retried for the convicted offense and any lesser included offenses." *Anderson*, 96 Wn.2d at 742. Upon retrial, however, the double jeopardy provisions bar retrial of a higher degree offense because the defendant "has implicitly been acquitted of the higher degrees of the crime." *Anderson*, 96 Wn.2d at 742 (citing *Schoel*, 54 Wn.2d 388; *State v. Murphy*, 13 Wash. 229, 43 P. 44 (1895)); *see also State v. Brown*, 127 Wn.2d 749, 903 P.2d 459 (1995) (citing *State v. Markle*, 118

Wn.2d 424, 441, 823 P.2d 1101 (1992); *Green v. United States*, 355 U.S. 184, 191, 78 S. Ct. 221, 2 L. Ed. 2d 199 (1957)).[3]

The State asserts that *Brown* and the cases upon which *Brown* relies are not controlling because none of those cases involved a hung jury.[4] As established in *Anderson*, however, the determinative question to ask in deciding whether jeopardy has been terminated is whether a defendant has been acquitted of a charge.

In *State v. Labanowski*, 117 Wn.2d 405, 816 P.2d 26 (1991), our Supreme Court made explicit that in Washington, even if a jury is not unanimous on a greater offense, it may render a verdict on a lesser degree offense. *Labanowski*, 117 Wn.2d at 423. *Labanowski* was a consolidated case in which defendants challenged the trial courts' jury instructions on charged offenses and lesser included offenses. *Labanowski*, 117 Wn.2d 405. At issue was whether a jury could render a verdict on a lesser included offense after being unable to reach unanimity on the charged, greater included offense. *Labanowski*, 117 Wn.2d at 415.[5] The court concluded that "unable to agree" instructions "correctly state the law in Washington." *Labanowski*, 117 Wn.2d at 423. An "unable to agree" instruction "allows a

---

[3] Brown was charged with first degree rape. *Brown*, 127 Wn.2d at 753. The jury was not unanimous on the first degree charge, but concluded that Brown was guilty of second degree rape. *Brown*, 127 Wn.2d at 753-54. On appeal, Brown asserted that the trial court erred by including an instruction on the lesser included offense. *Brown*, 127 Wn.2d at 754. The Court of Appeals affirmed Brown's conviction in an unpublished opinion. *Brown*, 127 Wn.2d at 754. Finding that the trial court had erred in providing a jury instruction on the lesser included offense, the Supreme Court remanded for a new trial. *Brown*, 127 Wn.2d at 757. The court cited *Markle*, *Anderson*, and *Green*, and noted that Brown could not be retried upon charges greater than that for which he had been convicted. *Brown*, 127 Wn.2d at 756-57.

[4] We note that the State includes *Green* in its list of cases not involving a hung jury. In fact, *Green* is silent on whether the jury had been unanimous or not on the greater included offense.

[5] In *Labanowski*, the court discussed the advantages and disadvantages of both "acquittal first" instructions and "unable to agree" instructions and their use in different jurisdictions. *Labanowski*, 117 Wn.2d at 423-24. In an "acquittal first" instruction, the jury is not permitted to reach a verdict on a lesser charge unless it has first unanimously agreed that the defendant is not guilty of the greater charge. *Labanowski*, 117 Wn.2d at 423.

jury to render a verdict on a lesser offense either if the jurors find the defendant not guilty of the greater offense or, if after full and careful consideration of the evidence, the jurors cannot agree on a verdict for the greater offense." *Labanowski*, 117 Wn.2d at 424. Thus, in Washington, a jury may render a verdict on a lesser offense even "if it is unable to reach agreement on the greater offense."[6] *Labanowski*, 117 Wn.2d at 423.

In *Brown v. Ohio*, 432 U.S. 161, 97 S. Ct. 2221, 53 L. Ed. 2d 187 (1977), the Supreme Court established that if two offenses are the same under the *Blockburger*[7] test for purposes of barring consecutive sentences at trial, they necessarily will be the same for purposes of barring successive prosecutions. *Brown*, 432 U.S. 161. Brown was convicted of felony auto theft in one county and misdemeanor joyriding on a different day in a different county. Although convicted on different dates and in different counties, the Court found the double convictions to be double jeopardy, explaining:

---

[6] The court stated:

> The rationale underlying the "unable to agree" instruction rule is twofold. First, this rule allows the jury to correlate more closely the criminal acts with the particular criminal conviction. Second, it promotes the efficient use of judicial resources; where unanimity is required, the refusal of just one juror to acquit or convict on the greater charge prevents the rendering of a verdict on the lesser charge and causes a mistrial even in cases where the jury would have been unanimous on a lesser offense. Retrials, necessitated by hung juries, are burdensome to defendants, victims, witnesses and the court system itself. Successive trials can burden a defendant while allowing the State to benefit from "dress rehearsals." Additionally, structuring the jury's deliberations to unnecessarily increase the likelihood of hung juries places an enormous financial strain on an already heavily burdened criminal justice system. A second trial exacts a heavy toll on both society and defendants by helping to drain state treasuries, crowding court dockets, and delaying other cases while also jeopardizing the interests of defendants due to the emotional and financial strain of successive defenses.

*Labanowski*, 117 Wn.2d at 420 (footnotes omitted). The court explicitly rejected adoption of the election rule articulated in *United States v. Tsanas*, 572 F.2d 340 (2d Cir.), *cert. denied*, 435 U.S. 995 (1978), and used in the Ninth Circuit and other jurisdictions. *Labanowski*, 117 Wn.2d at 422; *United States v. Jackson*, 726 F.2d 1466 (9th Cir. 1984). Under an election rule, a defendant elects which type of instruction to give, or, failing a defendant's election, the trial court elects which type of instruction to give the jury. *Labanowski*, 117 Wn.2d at 420-21.

[7] *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932).

As is invariably true of a greater and lesser included offense, the lesser offense—joyriding—requires no proof beyond that which is required for conviction of the greater—auto theft. The greater offense is therefore by definition the "same" for purposes of double jeopardy as any lesser offense included in it.

*Brown*, 432 U.S. at 168. Thus, because in Washington State the crimes of assault in the first degree and assault in the second degree do not each require proof of an additional fact that the other does not, first degree assault is by definition the "same" for purposes of double jeopardy as second degree assault. *See, e.g., Labanowski*, 117 Wn.2d 405. This is in accord with *Price v. Georgia*, 398 U.S. 323, 90 S. Ct. 1757, 26 L. Ed. 2d 300 (1970), wherein the United States Supreme Court observed:

[T]his Court has consistently refused to rule that jeopardy for an offense continues after an acquittal, whether that acquittal is express or implied by a conviction on a lesser included offense when the jury was given a full opportunity to return a verdict on the greater charge.

*Price*, 398 U.S. at 329.

At Linton's trial, the jury was unable to reach a verdict on the assault in the first degree charge, but reached a verdict of guilty on the lesser included offense of assault in the second degree. Therefore, under *Labanowski* and *Brown*, Linton's jeopardy on the charge of first degree assault terminated when he was convicted of second degree assault. "The constitutional protection against double jeopardy unequivocally prohibits a second trial following an acquittal."[8] *Arizona*, 434 U.S. at 503. The jury had full authority to convict Linton of second degree assault. Its conviction on second degree assault operated as an acquittal on first degree assault and thus terminated jeopardy as to first degree assault.

---

[8] The public interest in the finality of criminal judgments is so strong that an acquitted defendant may not be retried even though "the acquittal was based upon an egregiously erroneous foundation." *Fong Foo v. United States*, 369 U.S. 141, 143, 82 S. Ct. 671, 7 L. Ed. 2d 629 (1962).

The State urges the court to hold that under *Sattazahn v. Pennsylvania*, 537 U.S. 101, 123 S. Ct. 732, 154 L. Ed. 2d 588 (2003), the State may retry Linton on first degree assault because the jury was hung on that charge. The State argues that *Sattazahn* overrules *Green* and, therefore, *Brown*, and other Washington cases which rely on *Green*. *Sattazahn* does not overrule these cases.

Sattazahn was charged with murder during the commission of a felony robbery, and the State sought the death penalty. *Sattazahn*, 537 U.S. at 103. Under Pennsylvania law, first degree murder is a "lesser included offense of 'first-degree murder plus aggravating circumstance(s).'" *Sattazahn*, 537 U.S. at 112 (citing *Ring v. Arizona*, 536 U.S. 584, 609, 122 S. Ct. 2428, 153 L. Ed. 2d 556 (2002)). Pennsylvania law is structured such that the guilt phase and the sentencing phase of a trial are separate proceedings. 42 Pennsylvania Consolidated Statutes section 9711(c) provides that:

> [I]n the penalty phase of capital proceedings:
>> "(iv) the verdict must be a sentence of death if the jury unanimously finds at least one aggravating circumstance . . . and no mitigating circumstance or if the jury unanimously finds one or more aggravating circumstances which outweigh any mitigating circumstances. The verdict must be a sentence of life imprisonment in all other cases.
>> "(v) the court may, in its discretion, discharge the jury if it is of the opinion that further deliberation will not result in a unanimous agreement as to the sentence, in which case the court shall sentence the defendant to life imprisonment."

*Sattazahn*, 537 U.S. at 104 (quoting 42 Pa. Cons. Stat. § 9711(c) (Purdon Supp. 2002)). The jury found Sattazahn guilty of first degree murder, but was unable to reach a verdict on whether the State had proved aggravating circumstances. *Sattazahn*, 537 U.S. at 104-05. Under 42 Pennsylvania Consolidated Statutes section 9711(c), the trial judge discharged the jury and entered a sentence of life imprisonment. *Sattazahn*, 537 U.S. at 104-05.

Sattazahn successfully appealed and was retried. *Sattazahn*, 537 U.S. at 105. The trial court denied Sattazahn's motion to prevent the State from seeking the death penalty at the second trial. *Sattazahn*, 537 U.S. at 105. Both the trial court and the Pennsylvania Supreme Court denied review of his motion. *Sattazahn*, 537 U.S. at 105. Sattazahn was again convicted of murder, and the jury imposed the death penalty.[9] *Sattazahn*, 537 U.S. at 105. The Supreme Court granted certiorari after the Pennsylvania Supreme Court affirmed the verdict of guilt and the death penalty sentence at the second trial. *Sattazahn*, 537 U.S. at 105.

A key to the *Sattazahn* holding is found in the distinction it drew between *Bullington v. Missouri*, 451 U.S. 430, 101 S. Ct. 1852, 68 L. Ed. 2d 270 (1981), and the Supreme Court's earlier holding in *Stroud v. United States*, 251 U.S. 15, 40 S. Ct. 50, 64 L. Ed. 103 (1919). *Sattazahn*, 537 U.S. at 106. *Stroud* held that double jeopardy did not bar reimposition of the death penalty upon retrial in that particular case. *Stroud*, 251 U.S. at 16-17. *Bullington* stands for the proposition that if a jury imposes a sentence of life imprisonment in a death penalty case, the State cannot ordinarily seek the death penalty a second time if the defendant has the first conviction set aside and is retried. *Bullington*, 451 U.S. at 439.[10]

*Bullington* distinguished *Stroud*, stating:

"[T]here was no separate sentencing proceeding at which the prosecution was required to prove—beyond a reasonable doubt

---

[9] Based on guilty pleas to murder, burglaries, and robbery entered after the first trial, the State added a second aggravating factor in the second trial. *Sattazahn*, 537 U.S. at 105.

[10] *See also Arizona v. Rumsey*, 467 U.S. 203, 211, 104 S. Ct. 2305, 81 L. Ed. 2d 164 (1984) ("an acquittal on the merits by the sole decisionmaker in the proceeding is final and bars retrial on the same charge"); *Poland v. Arizona*, 476 U.S. 147, 106 S. Ct. 1749, 90 L. Ed. 2d 123 (1986) (distinguished from *Bullington* and *Rumsey* on the grounds that in *Poland*, the double jeopardy clause was not implicated because neither the judge nor jury in the first capital sentencing proceedings had acquitted the defendant by entering findings sufficient to establish legal entitlement to the life sentence).

or otherwise—additional facts in order to justify the particular sentence."

*Sattazahn*, 537 U.S. at 107 (quoting *Bullington*, 451 U.S. at 439). The *Sattazahn* Court found that the distinction between *Stroud* and *Bullington* shows that "an 'acquittal' at a trial-like sentencing phase, rather than the mere imposition of a life sentence, is required to give rise to double-jeopardy protections." *Sattazahn*, 537 U.S. at 107 (citing *Bullington*, 451 U.S. at 446). *Sattazahn* thus reaffirms the proposition that an acquittal triggers double jeopardy protections.

*Sattazahn* was also grounded in its interpretation of Pennsylvania state law. Contrasting *Bullington*, the Court found that the default judgment entered by the trial judge under 42 Pennsylvania Consolidated Statutes section 9711(c) did not operate as an acquittal. *Sattazahn*, 537 U.S. at 109. The Court noted that the Pennsylvania Supreme Court had not shown in its review of Sattazahn's case that the state legislature intended that the statutory entry of a life sentence by default created an "entitlement" to termination of jeopardy even without an "acquittal." *Sattazahn*, 537 U.S. at 110. No similar statute is operating in Linton's case. To the contrary, *Labanowski* creates an entitlement to termination of jeopardy on the greater charge because it creates an implied acquittal of the greater charge if the jury convicts on the lesser charge. *Labanowski*, 117 Wn.2d at 423. In more than a decade since *Labanowski*, the legislature has not sought to change that result.

The trial court did not err in refusing to grant a retrial on Linton's first degree assault charge because he was impliedly acquitted of that charge when the jury found him guilty of second degree assault. We affirm.

ELLINGTON, A.C.J., and COLEMAN, J., concur.

Review granted at 153 Wn.2d 1017 (2005).