# IN THE COURT OF APPEALS OF IOWA

No. 17-0115
Filed December 20, 2017

**JAMES MICHAEL GREEN,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Douglas F. Staskal, Judge.

        James Green appeals the district court's order granting summary judgment on his application for postconviction relief following his 1988 conviction for first-degree murder. **AFFIRMED.**

        Tabitha L. Turner of Turner Law Firm, P.L.L.C., Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

        Considered by Doyle, P.J., Bower, J., and Carr, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**CARR, Senior Judge.**

James Green was convicted of first-degree murder in 1988. His conviction was affirmed on appeal. *See State v. Green*, 457 N.W.2d 20, 21 (Iowa Ct. App. 1990). Procedendo issued June 6, 1990. In 2015, Green filed an application for postconviction relief (PCR). PCR applications are untimely if filed more than three years after the writ of procedendo is issued unless a "ground of fact or law that could not have been raised within the applicable time period" is shown. *See* Iowa Code § 822.3 (2015). The State moved for summary judgment on the basis that Green had not shown any new ground of fact or law and his PCR application was therefore time-barred. The motion was granted. Green now appeals.

On appeal, Green argues his new ground of fact or law is contained in *State v. Ambrose*, 861 N.W.2d 550, 557 (Iowa 2015). He argues *Ambrose* holds there exists a "general justification for permitting a jury to consider lesser included offenses without first acquitting the defendant on the greater offense." *Ambrose*, 861 N.W.2d at 557. Green's framing of *Ambrose* is incorrect. The quoted language from *Ambrose* states that said "general justification . . . is to insure that the jury fully appreciates and understands the alternative outcomes at stake and how all the claims of the parties fit into those alternatives." *Id.* (citing *State v. Labanowski*, 816 P.2d 26, 33–36 (Wash. 1991)). That language functions merely as table-setting for a discussion of whether to adopt a new jury instruction rule in Iowa. The *Ambrose* court noted several approaches to jury instructions. *See id.* at 556 n.1. The challenged instruction in *Ambrose* was an "acquittal-first" instruction. *See id.* at 557. Ultimately, however, the *Ambrose* court decided the issue on another ground, without ruling on whether the acquittal-first instruction

was an improper statement of the law. *See id.* at 559 (holding defendant was not prejudiced by acquittal-first instruction given overwhelming evidence of guilt). Thus, *Ambrose* did not announce a new rule.

Without a new rule, Green is left without a new ground of fact or law to make his PCR application timely. *See State v. Gonzales Becerra*, No. 15-2067, 2017 WL 2461435, at *1 n.1 (Iowa Ct. App. June 7, 2017) (noting *Ambrose*'s holding in rejecting argument identical to Green's). We therefore affirm. *See* Iowa Ct. R. 21.26(1)(a), (d), (e).

**AFFIRMED.**